UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) - *EX PARTE* APPLICATION FOR STAY

SUPPLEMENTAL BRIEFING RE: REQUIREMENT OF A BOND

FINAL ORDER GRANTING PRELIMINARY INJUNCTION

## I. INTRODUCTION AND BACKGROUND

Plaintiff, The Wimbledon Fund, SPC (Class TT) ("Wimbledon"), filed this action on August 28, 2015 against defendants Graybox, L.L.C. ("Graybox"), Integrated Administration, Eugene Scher, as trustee of the Bergstein Trust, and Cascade Technologies, Corp. (collectively, "defendants"). Dkt. 1. In brief, the complaint alleges that Wimbledon was the victim of a fraudulent investment scheme involving an investment advisory company named Swartz IP Services Group ("SIP"). See generally Id. Wimbledon asserts that in November and December 2011, it invested $17.7 million dollars with SIP pursuant to a note purchase agreement, but that subsequently SIP caused this investment to be transferred to various third parties, including defendants. Id. at 4-6. Wimbledon asserts that these transfers violated its agreement with SIP and constituted fraudulent transfers in violation of the California Uniform Fraudulent Transfer Act ("CUFTA"). See id. Accordingly, Wimbledon asserts claims against defendants for recovery of fraudulent transfers pursuant to California Civil Code §§ 3439.04, 3439.05, and 3439.07. Id. at 7-12.

On September 9, 2015, Wimbledon filed a request for a preliminary injunction freezing the assets of Graybox. Dkt. 16. The purpose of this injunction was to prevent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

Graybox from dissipating roughly $2.9 million dollars Graybox is expected to receive pursuant to a settlement agreement (the "Settlement Agreement") in an ongoing bankruptcy case in the Southern District of New York. Id. at 1. Wimbledon believes that the proceeds of this settlement agreement (the "Settlement Funds") are the only funds from which it will likely be able to satisfy its fraudulent transfer claim against Graybox. Id. On September 29, 2015, the Court granted Wimbledon's request for a preliminary injunction. Dkt. 54. In the Court's order it requested that the parties file supplemental briefing regarding an appropriate bond, if any, to secure the injunction. Dkt. 56, at 14. In addition, Wimbledon was directed to submit a proposed order specifying the parameters of its requested asset freeze. Id. at 13-14.

On October 6, 2015, Graybox filed a notice of appeal of the Court's order granting Wimbledon's request for a preliminary injunction. Dkt. 58. That same day, Graybox filed an ex parte application requesting that the Court stay the effect of its preliminary injunction order during the pendency of Graybox's appeal. Dkt. 61. On October 8, 2015, Wimbledon filed an opposition, Dkt. 63, and on October 9, 2015, Graybox filed a reply, Dkt. 64.

**II.   DISCUSSION**

   **A.   Application to Stay**

Pursuant to Federal Rule of Civil Procedure 62(c), "while an appeal is pending from an interlocutory order . . . that grants . . . an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." "A stay is 'an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" Norsworthy v. Beard, 2015 WL 1907518, at *1 (N.D. Cal. Apr. 27, 2015) (citing Nken v. Holder, 556 U.S. 418, 433-34 (2009)); see also McClatchy Newspapers v. Central Valley Typographical Union No. 46, 686 F.2d 731, 734 (9th Cir.1982) ("Rule 62(c) codifies the 'long established' and narrowly limited right of a trial court to make orders appropriate to preserve the status quo while the case is pending in [an] appellate court."). In determining whether to grant a stay, courts apply a standard similar to the standard for issuing a preliminary injunction. See Nkken, 556 U.S., at 434

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

(Identifying four factors for a court to consider in issuing a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.").

Here, Graybox devotes much of its brief to arguing that the Court has likely abused its discretion in granting a preliminary injunction in favor of Wimbledon and therefore it is likely that the Court's injunction will be overturned on appeal. Accordingly, Graybox contends that it has made a strong showing that it is likely to succeed on the merits of its appeal. While Graybox is of course entitled to its appeal, for the reasons stated more fully in the Court's injunction order, the Court finds that it properly enjoined Graybox's assets.

Moreover, granting a stay at this time would fly in the face of the Court's prior order. When the Court ordered a freeze of Graybox's assets, it explained that, absent an injunction, Wimbledon was likely to suffer irreparable injury. Specifically, the Court noted that there were serious questions regarding Graybox's corporate integrity and its primary manager David Bergstein's pattern of transferring assets between other entities he appeared to either own or exert control over. The Court stated, "[t]aken together, this evidence supports an inference that there is a 'substantial danger' that Graybox, upon receipt of the settlement proceeds, will transfer or otherwise dissipate those funds, before this action is concluded."

Therefore, were the Court to stay the effect of its injunction Graybox would likely dissipate the settlement funds. In fact, Graybox has stated that it <u>intends</u> to dissipate the settlement funds. Graybox claims that, pursuant to the settlement agreement, it is obligated to distribute the settlement funds to various third parties. Dkt. 61, at 5-6. Accordingly, if the Court were to grant Graybox's application for a stay it may likely render the pending appeal moot, as there would be no assets left for the Court to freeze. And, as explained more fully in the Court's injunction order, Wimbledon will suffer irreparable injury because it will likely have no means of recovering on its fraudulent transfer claim against Graybox.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　　　'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

Therefore, the Court finds that staying the effect of its order granting Wimbledon's request for a preliminary injunction is not appropriate at this time and **DENIES** Graybox's application.

### B. Bond

Federal Rule of Civil Procedure 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The proper amount of a bond is a matter within the discretion of the district court. Stockslager v. Carroll Elec. Co-op. Corp., 528 F.2d 949, 951 (8th Cir.1976). Generally, Rule 65 requires that the amount of the bond be tied to the damages and costs that the wrongfully enjoined defendant can be expected to incur. See Gateway Eastern Ry. Co. v. Terminal R.R. Ass'n of St. Louis, 35 F.3d 1134, 1141 (7th Cir. 1994).

Graybox argues that under the terms of the Settlement Agreement it is obligated to distribute the Settlement Funds to various third parties. Dkt. 57, at 1-2. Failure to comply with these obligations, Graybox contends, will result in the breaches of multiple agreements as well as subseqeunt claims for damages. Id. at 6. Graybox believes that at least some of these claims will be asserted against Graybox and that the resulting damages to Graybox may be at least $10 million. Id. at 10. Wimbledon responds that there is no credible evidence that Graybox will suffer harm, let alone harm in the amount of $10 million, as a result of the Court's injunction. Dkt. 65, at 2. Rather, Wimbledon contends that, in the event the agreements Graybox identifies are breached, it is Graybox's managing member David Bergstein, Graybox's law firm Bienert , Miller & Katzman ("BMK"), and various other entities, all of which are owned or controlled in some manner by David Bergstein, who will be sued for damages. Id.

As an initial matter, the Court notes that Wimbledon is correct that the relevant inquiry in setting the bond is the potential harm to Graybox resulting from the injunction. See Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003) ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm *to the defendant* from enjoining his or her conduct.") (emphasis added)). Graybox

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

appears to concede that liability for the potential breaches it identifies will be shared by various third parties in addition to Graybox. Dkt. 57, at 8 ("Graybox (*among others*) will likely be subject to suit for breaches of various agreements") (emphasis added). The extent to which third parties or Graybox's attorneys may suffer harm as a result of the injunction is not appropriately considered by the Court in setting the bond. See Ungar v. Arafat, 634 F.3d 46, 53 (1st Cir. 2011) (holding that pension fund that was not subject to the injunction "lack[ed] standing to complain about the absence of a bond."); Com. of Puerto Rico v. Price Comm'n, 342 F. Supp. 1311, 1312 (D.P.R. 1972) ("The requirement of security is intended *to protect the party restrained or enjoined*, as the case may be, against such costs and damages as may be incurred or suffered by the party as a result of being wrongfully restrained or enjoined.") (emphasis added). Moreover, other than the conclusory statements in the declaration of David Bergstein, Graybox has submitted no evidence in support of its claim that, if the agreements are breached, "actual resulting damages will be at least $10 million." See Dkt. 57-2, Bergstein Decl. ¶ 14.

However, in light of the agreements Graybox has identified, it is at least conceivable that Graybox may suffer some harm as a result of the Court's injunction. While the evidence presented may not support Graybox's inordinate request for a bond of $10 million, Graybox will likely be required to expend resources defending against suits for breach of contract and may be liable for damages. Accordingly, the Court orders Wimbledon to post a bond of $100,000. In the event that Graybox is found to have been wrongfully enjoined, the Court concludes that a $100,000 bond is sufficient to redress any costs or damages that may stem from the injunction.

    **C.**      **Proper Scope of Injunctive Relief**

On September 29, 2015, the Court held a hearing regarding Wimbledon's request for a preliminary injunction. At the conclusion of the hearing, the Court orally enjoined Graybox from transferring $2,412,000 out of any of its accounts upon receipt of the $2,900,000 in Settlement Funds. Graybox's attorney, Steven Katzman ("Katzman"), represented that, in accordance with the Settlement Agreement, the Settlement Funds were to be delivered to the client trust account of Katzman's firm, Bienert, Miller, & Katzman ("BMK"). Accordingly, the Court ordered that the injunction would extend to the client trust account of BMK. This order memorializes the injunction the Court issued from the bench on September 29, 2015.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | October 20, 2015 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

Accordingly, **IT IS HEREBY ORDERED** that **defendants**, as well as their officers, agents, servants, employees, and attorneys, and all other persons or entities in concert or participation with any of them whether acting directly or through any corporation or other entity, subsidiary, division, or other device, including but not limited to, fictitious business names, is **ENJOINED** from transferring, either directly or indirectly, $2,412,000 out of any of defendants' accounts upon receipt of the Settlement Funds. This injunction further extends to the client trust account of Graybox's attorney, Katzman, and his law firm, BMK. Moreover, defendants and all of the aforementioned persons or entities are **ENJOINED** from taking any actions that would direct the Settlement Funds outside the scope of the Court's injunction or cause, in any manner, the dissipation of the Settlement Funds before they are deposited in the accounts of any of defendants, their attorneys or any other persons or entities connected with defendants. As security for this injunction, Wimbledon is ordered to post a bond of $100,000.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |