Steven Jay Katzman, State Bar No. 132755
skatzman@bmkattorneys.com
Anthony Bisconti, State Bar No. 269230
tbisconti@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700/Facsimile (949) 369-3701

Attorneys for Defendants
Graybox, LLC, Eugene Scher, as Trustee
Of Bergstein Trust, and Cascade Technologies Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| THE WIMBLEDON FUND, SPC (CLASS TT), <br><br>       Plaintiff, <br><br> v. <br><br> GRAYBOX, LLC; INTEGRATED ADMINISTRATION; EUGENE SCHER, AS TRUSTEE OF BERGSTEIN TRUST, and CASCADE TECHNOLOGIES CORP., <br><br>       Defendants. | Case No. 2:15-cv-6633-CAS-AJWx <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Information: <br> Date:     November 23, 2015 <br> Time:    10:00 a.m. <br> Location: Crtrm 5, Second Floor <br>            312 N. Spring Street <br>            Los Angeles, CA 90012-4701 |

**TO PLAINTIFF, ALL PARTIES IN INTEREST, AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 23, 2015 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 5 of the United States District Court, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendants Graybox LLC ("Graybox"), Eugene Scher as Trustee of the Bergstein Trust ("Scher"), and Cascade Technologies Corp. ("Cascade" and, together with Graybox and Scher, "Movants"), will move the Court (the "Motion") for an order dismissing the *Complaint for Injunctive Relief, and for Avoidance and Recovery of Fraudulent Transfers* (the "Complaint") filed on August 28, 2015 by plaintiff The Wimbledon Fund, SPC (Class TT) ("Wimbledon").

Movants seek dismissal of the Complaint on the grounds that the allegations in the Complaint fail to meet the pleadings standards enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). As set forth in the accompanying memorandum, the Court should dismiss Plaintiff's complaint in its entirety with prejudice.

This Motion is based upon this notice, the attached memorandum of points and authorities, and upon such oral and documentary evidence as may be properly presented at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on October 16, 2015.

Dated:  October 23, 2015

BIENERT, MILLER & KATZMAN, PLC

By: */s/ Steven Jay Katzman*
　　　 Steven Jay Katzman
　　　 Anthony R.  Bisconti
　　　 Attorneys for Defendants
　　　 Graybox, LLC, Eugene Scher, as Trustee
　　　 of the Bergstein Trust, and Cascade
　　　 Technologies Corp.

1

# TABLE OF CONTENTS

**Page(s)**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   RELEVANT FACTUAL ALLEGATIONS .............................................. 2

III.  THE COURT SHOULD DISMISS THE COMPLAINT ......................... 4

      A.    Legal Standard .................................................................................. 5

      B.    The Complaint Fails To Allege Facts Sufficient To State A Claim
            For Avoidance Of Actual Fraudulent Transfers. ............................. 6

      C.    The Complaint Fails To Allege Facts Sufficient To State A Claim
            For Avoidance Of Constructive Fraudulent Transfers....................... 9

      D.    The Complaint Does Not Comply With Fed. R. Civ. P. 10(b). .................... 11

IV.   CONCLUSION...................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Ins. Co. v. Countrywide Fin. Corp.*
 842 F.Supp. 2d 1216 (C.D. Cal. 2012) ..................................................... 9, 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................... 5, 9

*Aulson v. Blanchard*, 83 F.3d 1 (1st Cir. 1996) .............................................. 5

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1988) ...................... 5

*Bautista v. Los Angeles County*, 216 F.3d 837 (9th Cir. 2000) ....................... 11

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 5, 6, 8

*Conley v. Gibson*, 355 U.S. 41 (1957) ..................................................... 9

*Kelleher v. Kelleher*
 No. 13-CV-04540-MEJ, 2014 WL 94197 (N.D. Cal. Jan. 9, 2014) ................. 7

*Martinez v. CaCH, LLC*
 No. 10CV1625-DMS-JMA, 2011 WL 2560251 (S.D. Cal. June 27, 2011) ........... 6-7, 9

*Nishibun v. Prepress Solutions, Inc.*
 No. 95-56406, 1997 WL 168346 (9th Cir. Apr. 8, 1997) ................................. 6

*Pareto v. FDIC*, 139 F.3d 696 (9th Cir. 1998) .............................................. 5

*Semegen v. Weidner*, 780 F.2d 727 (9th Cir. 1985) ...................................... 7

*Sunnyside Dev. Co. v. Cambridge Display Tech. Ltd.*
 No. 3:08-cv-01780-MHP, 2008 WL 4450328 (N.D. Cal. Sept. 29, 2008) ................. 9

*Swartz v. KPMG LLP,* 476 F.3d 756 (9th Cir. 2007) ...................................... 7

*Yess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ........................ 7

**Statutes**

California Civil Code § 3439.01 ............................................................ 1

California Civil Code § 3439.04 ........................................................ *passim*

California Civil Code § 3439.05 ............................................................ 4

California Civil Code § 3439.07 ............................................................ 4

1

**TABLE OF AUTHORITIES**: (continued)                                    **Page(s)**

2

**Rules**

3   Federal Rules of Civil Procedure 8 ................................................................... 1, 6

4   Federal Rules of Civil Procedure 9 ............................................................... 1, 6, 7

5   Federal Rules of Civil Procedure § 10 ............................................................... 11

6   Federal Rules of Civil Procedure § 12 ................................................................. 5

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Graybox LLC ("Graybox"), Eugene Scher as Trustee of the Bergstein Trust ("Scher"), and Cascade Technologies Corp. ("Cascade" and, together with Graybox and Scher, "Movants") move this Court (the "Motion") for an order dismissing the *Complaint for Injunctive Relief, and for Avoidance and Recovery of Fraudulent Transfers* (the "Complaint")[1] filed on August 28, 2015 by plaintiff The Wimbledon Fund, SPC (Class TT) ("Wimbledon").   For the reasons set forth below, the Court should dismiss the Complaint.

## I.   PRELIMINARY STATEMENT

Wimbledon's Complaint fails to satisfy the pleading standards of Rule 8 of the Federal Rule of Civil Procedure, let alone the heightened pleading standards of Rule 9(b). As to the Movants, the Complaint alleges twenty-five separate allegedly fraudulent transfers, but does not allege any particular facts regarding any of the alleged transfers.  The Complaint must be dismissed.

The Complaint seeks relief under Cal. Civ. Code § 3439.01 *et seq.* ("CUFTA"). The gravamen of the Complaint is that various defendants (including Movants) allegedly received various monetary transfers from Swartz IP Services Group, Inc. ("SIP") at some unidentified point in time.  Wimbledon fails to allege these transfers with any specificity. The Complaint is likewise devoid of any factual allegations (as opposed to mere labels, parroting the statutory language in CUFTA) sufficient to state a claim for avoidance of the alleged transfers.

Wimbledon's failure to make sufficient allegations to support its claims is particularly inexcusable given the apparently extensive discovery Wimbledon obtained in its prior action against SIP for breach of contract.  Wimbledon had substantial information at its disposal, including bank records, to try to make coherent and sufficient allegations. Wimbledon chose not to do so, and should not be rewarded with another bite at the apple through an amended Complaint.

---

[1] Doc. No. 1 (Complaint).

1

## II.    RELEVANT FACTUAL ALLEGATIONS[2]

Wimbledon is an off-shore hedge fund.[3]  SIP was a Texas corporation formed on December 2, 2010.[4]  On or about November 14, 2011, Wimbledon and SIP entered into a Note Purchase Agreement (the "NPA").[5]  David Bergstein ("Mr. Bergstein") was one of four individuals comprising SIP's "shareholders, directors, and officers,"[6] which the Complaint disingenuously labels as the "alter egos" (the "Alleged Alter Egos").  Pursuant to the NPA, Wimbledon had the right to purchase up to $25 million of reference notes (the "SIP Notes") issued by SIP.[7]

Wimbledon purchased SIP Notes pursuant to the NPA.  In November 2011, $12.5 million from Wimbledon's portfolio was used to purchase SIP Notes; those funds were wired to an account of SIP at Deutsche Bank.[8]  In December 2011, $5.5 million from Wimbledon's portfolio was used to purchase SIP Notes; those funds were wired to an account of SIP at Wells Fargo.[9]

Wimbledon alleges that Movants received monetary transfers from SIP. Wimbledon alleges that from SIP's Deutsche Bank account: (i) "[t]here were sixteen transfers to Graybox totaling $1.8 million;"[10] (ii) "[t]here were three transfers to [Scher] totaling $125,000;"[11] and (iii) "[t]here was a transfer of $200,000 . . . to Cascade."[12]  Wimbledon alleges that from SIP's Wells Fargo account: (i) "[t]here were two transfers totaling

---

[2] The allegations set forth below are as pled in the Complaint and restated herein solely for purposes of the Motion.  By restating these allegations herein, Movants are not admitting or accepting the truth of these allegations, which will properly be admitted or denied at such time as Movants file an answer to the Complaint.

[3] Complaint at ¶¶ 1 & 8.

[4] *Id.* at ¶ 10.

[5] *Id.* at ¶ 15.

[6] *Id.* at ¶ 11.

[7] *Id.* at ¶ 15.

[8] *Id.* at ¶¶ 17 & 18.

[9] *Id.* at ¶¶ 17 & 24.

[10] *Id.* at ¶ 19.

[11] *Id.* at ¶ 21.

[12] *Id.* at ¶ 23.

2

MOTION TO DISMISS COMPLAINT

$300,000 to Graybox;"[13] (ii) "[t]here was a $100,000 transfer to [Scher];"[14] and (iii) there were six other transactions totaling approximately $2.2 million and "[u]pon information and belief *some of these funds* were diverted to Defendants" (without any factual allegations as to when, to which defendants, and in what amounts).[15]

In total, Wimbledon alleges that Graybox received eighteen (18) transfers from SIP totaling $2.1 million (the "<u>Alleged Graybox Transfers</u>"),[16] that Scher received four (4) transfers from SIP totaling $225,000 (the "<u>Alleged Scher Transfers</u>"),[17] and that Cascade received a transfer from SIP totaling $200,000 (the "<u>Alleged Cascade Transfer</u>" and, together with the Alleged Graybox Transfers and the Alleged Scher Transfers, the "<u>Alleged Transfers</u>").[18]  Wimbledon also alleges that Mr. Bergstein is Graybox's sole managing member, and that Scher is both the trustee of the Bergstein Trust which "upon information and belief" owns Mr. Bergstein's "real property located throughout the country," and the CEO and COO of Cascade.[19]

In August and October 2012, "redemption requests were made on SIP" pursuant to the NPA.[20]  On February 4, 2013, Wimbledon declared the SIP Notes immediately due and payable.[21]  On February 8, 2013, Wimbledon sued SIP for breach of contract in New York state court.[22]  On July 14, 2015 the New York state court entered an award against SIP in favor of Wimbledon in the amount of $18,171,634.[23]

The allegations in the "claims for relief" against each Movants are substantially identical.  They are as follows:

---

[13] *Id.* at ¶ 25.
[14] *Id.* at ¶ 26.
[15] *Id.* at ¶ 27 (emphasis added).
[16] *Id.* at ¶ 33.
[17] *Id.* at ¶ 56.
[18] *Id.* at ¶ 67.
[19] *Id.*at ¶¶ 19, 21 & 23.
[20] *Id.*at ¶ 28.
[21] *Id.* at ¶ 29.
[22] *Id.* at ¶ 31
[23] *Id.* at ¶ 31.

MOTION TO DISMISS COMPLAINT

- "At all relevant times, including the dates of the [Alleged Transfers], SIP was insolvent.  As a fictitious corporate shell, SIP continuously transferred its only assets – investments from defrauded investors – for the direct personal benefit of the [Alleged] Alter Egos;"[24]

- "SIP made [the Alleged Transfers] in furtherance of its (and the [Alleged] Alter Egos') fraudulent scheme.  The [Alleged Transfers] were made to and for the benefit of an insider ([Mr. Bergstein, as to the Alleged Graybox and Scher Transfers, and Jerome Scwhartz, as to the Alleged Cascade Transfer]), meaning that the [Alleged] Alter Egos were in continuous possession of [Wimbledon's] investments;"[25]

- "The [Alleged Transfers] were not disclosed to [Wimbledon] during the term of the NPA;"[26]

- "SIP received no value in exchange for the [Alleged Transfers];"[27] and

- "When [Movants] received the [Alleged Transfers, they] had full knowledge of the above-referenced fraudulent scheme."[28]

## III.   THE COURT SHOULD DISMISS THE COMPLAINT

As an initial matter, the Complaint does not specify the specific provision(s) of CUFTA under which Wimbledon seeks to avoid the Alleged Transfers.  Rather, as to each of the Movants, the Complaint vaguely states its claims for relief are "For Avoidance and Recovery of Fraudulent Transfers Pursuant to California Civil Code §§ 3439.04, 3439.05, and 3439.07."[29]  However, section 3439.04(a) of CUFTA provides for two different types of potentially avoidable fraudulent transfers, each of which has its own separate

---

[24] *Id.* at ¶¶ 34, 57, & 68.
[25] *Id.* at ¶¶ 35, 58, & 69.
[26] *Id.* at ¶¶ 36, 59, & 70.
[27] *Id.* at ¶¶ 37, 60, & 71.
[28] *Id.* at ¶¶ 38, 61, & 72.
[29] *See id.* at 7:1-3; 10:4-6; and 11:13-15.

4

requirements.  Section 3439.04(a)(1) of CUFTA permits the avoidance of so-called "actual fraudulent transfers," while section 3439.04(a)(2) provides for the avoidance of so-called "constructive fraudulent transfers."

Whether by design or neglect, the Complaint does not specify whether it seeks to avoid the Alleged Transfers as either "actual fraudulent transfers" or as "constructive fraudulent transfers" (or both).  Regardless of this infirmity, the Complaint fails to allege facts sufficient to set forth a claim under either section 3439.04(a)(1) or (2) of CUFTA.

## A.    Legal Standard

A party may test the legal sufficiency of facts alleged in a pleading by a motion under Rule 12(b) of the Federal Rules of Civil Procedure where defects appear on the face of the pleading.  *See* Fed. R. Civ. P. 12. A motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The complaint must allege facts which, when taken as true, raise more than a speculative right to relief. *Id.*

While the Court treats as true material facts alleged in the Complaint, conclusory allegations, legal characterizations, unreasonable inferences or deductions of fact are not considered in judging the sufficiency of the pleadings. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998); *Aulson v. Blanchard*, 83 F.3d 1,3 (1st Cir. 1996) (stating courts need not "swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").  In fact, the Supreme Court has stated that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Indeed, dismissal is appropriate where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Twombly*, 550 U.S. at 555 (holding

that the plaintiff cannot rely upon "an unadorned, the-defendant-harmed-me accusation," "labels and conclusions, [or] a formulaic recitation of the elements of the cause of action."). Instead, a plaintiff must assert factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. The Complaint Fails To Allege Facts Sufficient To State A Claim For Avoidance Of Actual Fraudulent Transfers.

Avoidance of an actual fraudulent transfer under CUFTA section 3439.04(a)(1) requires that Wimbledon establish that a transfer was made by SIP with "actual intent to hinder, delay, or defraud" any creditor of SIP. Cal. Civ. Code. § 3439.04(a)(1). In determining actual intent, the following non-exclusive list of factors may be considered:

> (1) Whether the transfer or obligation was to an insider.
> (2) Whether the debtor retained possession or control of the property transferred after the transfer.
> (3) Whether the transfer or obligation was disclosed or concealed.
> (4) Whether before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (5) Whether the transfer was of substantially all the debtor's assets.
> (6) Whether the debtor absconded.
> (7) Whether the debtor removed or concealed assets.
> (8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> (10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred.
> (11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor.

Cal. Civ. Code § 3439.04(b)(1)-(11).

Along with Rule 8(a)'s requirements, Rule 9(b)'s heightened pleading standard also applies to actual fraudulent transfer claims. *See Nishibun v. Prepress Solutions, Inc.*, No. 95-56406, 1997 WL 168346, at *1 (9th Cir. Apr. 8, 1997); *Martinez v. CaCH, LLC*, No.

10CV1625-DMS-JMA, 2011 WL 2560251, at *4 (S.D. Cal. June 27, 2011) (quoting *Yess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003) ("Because a claim for actual fraudulent transfer involves an allegation of fraud or mistake, it is subject to Federal Rule of Civil Procedure 9(b), which requires a party to 'state with particularity the circumstances constituting fraud or mistake' and is applied to both federal law and state law claims.").   Thus, Wimbledon's actual fraudulent transfer claims "must plead with particularity the circumstances" surrounding the allegedly actual fraudulent transfers. *Kelleher v. Kelleher*, No. 13-CV-04540-MEJ, 2014 WL 94197, at 5 (N.D. Cal. Jan. 9, 2014) (granting motion to dismiss actual fraudulent transfer claim).

"To satisfy the heightened standard, allegations must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (quoting *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, to the extent Wimbledon is seeking to avoid the Alleged Transfers as actual fraudulent transfers under § 3439.04(a)(1), the Complaint was required to set forth with particularity "the who, what, when, where, and how of the misconduct charged." *Yess*, 317 F.3d at 1106 (internal quotation marks omitted).  The allegations must also set forth "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007) (per curium) (internal quotations omitted).

The Complaint falls far short of this standard.  Rather than specifically alleging the "who, what, when, where, and how" of the Alleged Transfers, the Complaint does little more than allege that at some point in time, the Movants received unspecified transfers from SIP, at unspecified times, in mostly unspecified amounts.  This is insufficient.  *See Martinez*, 2011 WL 2560251, at *5 (granting a motion to dismiss plaintiff's actual fraudulent transfer claim because plaintiff did "not identify any specific alleged transfers or assets or include allegations regarding the amounts, mechanisms, or timing of any such transfers.").

Instead of pleading actual facts with the required level of specificity, Wimbledon simply attempted to parrot the statutory language setting forth a few of the "badges of fraud." For example, Wimbledon alleges, in a conclusory fashion:

- "SIP was insolvent" at all relevant times and the Alleged Transfers, which were SIP's "only assets," were made "for the direct personal benefit of the [Alleged Alter Egos]."[30] This is a transparent attempt to track the language in 3439.04(b)(1), (5)&(9) ("Whether the transfer or obligation was to an insider," "[w]hether the transfer was of substantially all of the debtor's assets, and "[w]hether the debtor was insolvent [when the transfer occurred]").

- The Alleged Transfers "were made to and for the benefit of an insider" and the "[Alleged] Alter Egos were in continuous possession of [Wimbledon's] investments."[31] This likewise merely attempts to track the language in 3439.04(b)(1) & (2) ("Whether the debtor retained possession or control of the property transferred after the transfer.").

- "The [Alleged Transfers] were not disclosed to [Wimbledon] during the term of the NPA,"[32] which is nothing more than a recitation of the statutory language in 3439.04(b)(3) ("Whether the transfer or obligation was disclosed or concealed").

- "SIP received no value in exchange for the [Alleged Transfers],"[33] likewise merely a recitation of the statutory language in 3439.04(b)(8).

Wimbledon's effort falls far below the requisite pleading standards. As the Supreme Court has ruled, Wimbledon was required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Wimbledon failed to do so. The Complaint merely alleges that at some point in time, the Alleged Transfers occurred, without identifying any of the Alleged Transfers or the

---

[30] *Id.* at ¶¶ 34, 57 & 68.
[31] *Id.* at ¶¶ 35, 58, & 69.
[32] *Id.* at ¶¶ 36, 59, & 70.
[33] *Id.* at ¶¶ 37, 60, & 71.

8

circumstances surrounding them with any modicum of particularity.  *See Martinez*, 2011 WL 2560251 at \*5 (granting motion to dismiss where plaintiff failed to identify any specific alleged transfers of assets or include allegations regarding the amounts, mechanisms, or timing of such alleged transfers.).  The Complaint does not allege any specific facts demonstrating the existence of any of the badges of fraud, and Wimbledon's "bald assertions" as to a few badges of fraud are insufficient to set forth a plausible claim for avoidance of actual fraudulent transfers. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (court cannot credit bald assertions or mere specious allegations); *see Allstate Ins. Co. v. Countrywide Fin. Corp.*, 842 F.Supp. 2d 1216, 1230 (C.D. Cal. 2012) (granting motion to dismiss where plaintiffs pled at least two statutory badges of fraud in detail); *Sunnyside Dev. Co. v. Cambridge Display Tech. Ltd.*, No. 3:08-cv-01780-MHP, 2008 WL 4450328, at \*8 (N.D. Cal. Sept. 29, 2008) (granting motion to dismiss where fraud allegations were conclusory and implausible).

To the extent Wimbledon is seeking to avoid the Alleged Transfers as actual fraudulent transfers, the Complaint is inadequately pled and should be dismissed.

## C.   The Complaint Fails To Allege Facts Sufficient To State A Claim For Avoidance Of Constructive Fraudulent Transfers.

The Complaint likewise fails to allege facts sufficient to set forth a claim for avoidance of constructive fraudulent transfers against any of the Movants.  To plead a claim for avoidance of a constructive fraudulent transfer, the Complaint was required to allege facts sufficient to show that: (i) SIP made a transfer or incurred an obligation to or for the benefit of the Movants, (ii) SIP did not receive "reasonably equivalent value" in exchange for the transfer; and (iii) SIP was engaged in or was about to engage in a business or transaction for which its remaining assets were unreasonably small, or intended to incur or believed or reasonably should have believed it would incur debts beyond its ability to pay as they became due.  *See* Cal. Civ. Code § 3439.04(a)(2)(A)-(B).  These necessary allegations were required to be made with something more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

9

Wimbledon did not allege anything beyond naked assertions of the statutory prerequisites for a constructive fraudulent transfer, and provided no further factual enhancement. For example, with respect to "reasonably equivalent value," the Complaint merely alleges in conclusory fashion, with no factual support, "SIP received no value in exchange for the [Alleged Transfers]."[34] Conclusory allegations like this are inadequate to plead the requisite lack of reasonably equivalent value. *Allstate*, 842 F.Supp.2d at 1225-27 (C.D. Cal. 2012) (finding over ten allegations regarding reasonably equivalent value to be conclusory and insufficient, including the following: "Bank of America did not provide adequate consideration for the assets it received from Countrywide because the transactions were undertaken in bad faith and lacked fair value.").

The Complaint's allegations as to SIP's purported insolvency are also inadequately pled. The Complaint contains no facts plausibly supporting the allegation that SIP was insolvent at the time of the Alleged Transfers. Instead, the Complaint merely asserts, without further factual development, that "[a]t all relevant times, including the dates of the [Alleged Transfers], SIP was insolvent."[35] This conclusory assertion, parroting the statutory requirements for a constructive fraudulent transfer claim, is insufficient. Additionally, the Complaint's vague allegations that SIP's Deutsche Bank and Wells Fargo accounts were "depleted" sometime after November 2011 are also inadequate; the Complaint contains no allegations regarding the existence (or non-existence) of other SIP accounts, assets, or investments, or of SIP's purported liabilities. Other than Wimbledon's bald assertion that "SIP was insolvent" at all relevant times, there are no facts alleged which plausibly set forth SIP's insolvency, which is required to state a claim for avoidance of a constructively fraudulent claim.

Accordingly, to the extent Wimbledon is seeking to avoid the Alleged Transfers as actual fraudulent transfers, the Complaint is inadequately pled and should be dismissed.

---

[34] *Id.* at ¶¶ 37, 60, & 71.
[35] *Id.* at ¶¶ 34, 57, & 68.

MOTION TO DISMISS COMPLAINT

**D.      The Complaint Does Not Comply With Fed. R. Civ. P. 10(b).**

Federal Rule of Civil Procedure 10(b) requires:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Courts have required that different transactions be pled in different counts or paragraphs when such pleading facilitates a clear response.  *See Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).  Here, as to the Movants the Complaint alleges twenty-five (25) separate allegedly avoidable transfers occurring at some unspecified time after November 2011.[36]  The Complaint does not separately plead the circumstances surrounding each of the Alleged Transfers.  This is inadequate.  In the event Movants are eventually required to answer the Complaint, Movants will be unable to draft a meaningful answer, because they cannot admit or deny the specific allegations related to each of the 25 separate Alleged Transfers, which are not plead in the Complaint.  Movants may also have specific defenses to certain of the Alleged Transfers at issue, which cannot be clearly asserted in response to the Complaint as currently pled.

///

///

///

///

///

///

///

///

///

---

[36] *See id.* at ¶¶ 19, 21, 23, & 25-26.

MOTION TO DISMISS COMPLAINT

1

## IV.    CONCLUSION

2

The Complaint is woefully inadequate.  Accordingly, the Court should grant the

3

Motion and dismiss the Complaint.[37]

4

5

Dated:  October 23, 2015                    BIENERT, MILLER & KATZMAN, PLC

6

By: */s/Steven Jay Katzman*

7

Steven Jay Katzman

8

Anthony R.  Bisconti

**Attorneys for Defendants**

9

Graybox, LLC, Eugene Scher, as Trustee

of the Bergstein Trust, and Cascade

10

Technologies Corp.

11

12

13

14

15

16

17

18

19

20

21

22

23

[37] In the event the Court determines that Wimbledon's claims against Movants should not

24

be dismissed, Movants alternatively request a more definite statement setting for the

Alleged Transfers, pursuant to Fed. R. Civ. P. 12(e).  *Swierkiewicz v. Sorema, N.A.*, 534

25

U.S. 506, 514 (2002) ("[i]f a pleading fails to specify the allegations in a manner that

provides sufficient notice, a defendant can move for a more definitive statement under Rule

26

12(e) before responding."). For the reasons set forth above, Wimbledon's allegations fail to

27

provide proper notice of its claims, and Movants are unable to meaningfully respond to the

allegations in the Complaint absent a more definite statement.

28

MOTION TO DISMISS COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 903 Calle Amanecer, Suite 350, San Clemente, California 92673. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On October 23, 2015, I served the foregoing document described as NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as stated below:

[X]   **BY MAIL** - I deposited such envelope in the mail at San Clemente, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Clemente, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Integrated Administration
Via its registered agent Kiarash Jam
K. Jam Media
10866 Wilshire Blvd., # 500
Los Angeles, CA 90024

[X]   **BY ELECTRONIC FILING** - by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:

Jeffrey Pomerantz          jpomerantz@pszjlaw.com
Gillian Brown              gbrown@pszjlaw.com
James Walker               jwalker@coleschotz.com
Justin Levy                jlevy@coleschotz.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 23, 2015, at San Clemente, California.

*/s/ Coleen Grogan /s/*
Coleen Grogan