UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - INTERVENOR SULMEYERKUPETZ'S MOTION TO INTERVENE (Dkt. 168, filed July 1, 2016)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of August 15, 2016, is vacated, and the matter is hereby taken under submission.

## I.      INTRODUCTION & BACKGROUND

Plaintiff, The Wimbledon Fund, SPC (Class TT) ("Wimbledon"), filed this action on August 28, 2015 against defendants Graybox, LLC. ("Graybox"), Integrated Administration ("IA"), Eugene Scher, as trustee of the Bergstein Trust ("Scher"), and Cascade Technologies, Corp. ("Cascade") (collectively, "defendants"). Compl. In brief, the complaint alleges that Wimbledon was the victim of a fraudulent investment scheme involving an investment advisory company named Swartz IP Services Group ("SIP"). See generally Id. Wimbledon asserts that in November and December 2011, it invested $17.7 million dollars with SIP pursuant to a note purchase agreement, but that subsequently SIP caused this investment to be transferred to various third parties, including defendants. Id. at 4-6. Wimbledon asserts that these transfers violated its agreement with SIP and constituted fraudulent transfers in violation of the California Uniform Fraudulent Transfer Act ("CUFTA"). See id. Accordingly, Wimbledon asserts claims against defendants for avoidance and recovery of fraudulent transfers pursuant to California Civil Code §§ 3439.04, 3439.05, and 3439.07. Id. at 7-12.

On September 9, 2015, plaintiff filed a motion for a preliminary injunction in this action. Dkt. 9. In this motion, plaintiff contended that defendant Graybox was expected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

to receive a distribution of settlement funds from an ongoing bankruptcy proceeding in New York. Plaintiff requested that the Court order a freeze of $2.412 million of Graybox's assets—plaintiff's claimed damages in this action—to preserve the status quo pending the resolution of this action. Plaintiff argued that without an order freezing Graybox's assets it was unlikely that plaintiff would be able to recover on its claims for fraudulent transfers. On September 29, 2015, the Court issued an order freezing Graybox's assets. Dkt. 56. Thereafter, the settlement funds were distributed to Graybox. Pursuant to the Court's order, both defendants and their attorneys are prohibited from taking any action to distribute or otherwise dissipate $2.412 million of those funds pending further order by the Court.

On July 1, 2016, SulmeyerKupetz, P.C. ("SulmeyerKupetz" or "intervenor") filed a motion to intervene in this action. Dkt. 168. In this motion, SulmeyerKupetz states that it represented defendants Graybox and Bergstein in the bankruptcy proceeding in New York. As a result of that representation, SulmeyerKupetz states that it is owed legal fees and contends that it has a senior lien on the settlement funds. SulmeyerKupetz contends that its interests in the settlement funds are insufficiently represented in this action and requests that the Court permit it to intervene in this action so that it may protect its interest in the settlement funds. On August 1, 2016, plaintiff filed an opposition to this motion, Dkt. 180, and on August 8, 2016, SulmeyerKupetz filed a reply, Dkt 185. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

**II.   LEGAL STANDARD**

Rule 24(a) provides as follows:

> Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
|---|---|---|---|
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

The Ninth Circuit has adopted a four-part test for applying Rule 24(a)(2):

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). Each of these elements must be demonstrated in order to provide a non-party with a right to intervene. League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997).

## III. ANALYSIS

As stated above, the Ninth Circuit applies a four-part test to determine whether a party has a right to intervene in an action. In order for a party to have a right to intervene, all four of these elements must be established. Here, the Court finds that SulmeyerKupetz has failed to establish all four elements.

First, SulmeyerKupetz's motion is not timely. "Timeliness is 'the threshold requirement' for intervention as of right." League of United Latin Am.Citizens, 131 F.3d at 1302. To determine whether a motion for intervention is timely, the court considers " '(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay.' " Id. (quoting County of Orange v. Air California, 799 F.2d 535, 537 (9th Cir. 1986)). "In considering these factors," the court "must bear in mind that 'any substantial lapse of time weighs heavily against intervention.' " Id. (citation omitted).

Here, SulmeyerKupetz became aware of plaintiff's intention to seek an injunction that would implicate the settlements funds in August 2015 when plaintiff filed its initial complaint in this action. Indeed, in response to plaintiff's motion for a injunction, in September 2015, Graybox submitted declarations from SulmeyerKupetz stating that its interests in the settlement funds would be prejudiced by an injunction freezing Graybox's assets. Nonetheless, SulmeyerKupetz did not file the instant motion to intervene until

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

July 1, 2016—nearly eleven months after plaintiff filed its initial complaint. In its papers, SulmeyerKupetz provides no explanation as to why it could not have filed its motion to intervene at an earlier stage in this litigation. Moreover, there has been substantial activity in this action in the eleven months since plaintiff filed its initial complaint. As just a few examples: (1) the Court has ruled on several motions to dismiss; (2) a related action was transferred to this Court from the Southern District of Texas and associated with this action; and (3) the Ninth Circuit has ruled on an interlocutory appeal of this Court's order freezing Graybox's assets. Accordingly, by any definition, SulmeyerKupetz's motion is untimely. See also United States v. Oregon, 913 F.2d 576, 589 (th Cir. 1990) ("A party seeking to intervene must act as soon as he 'knows or has reason to know that his interests might be adversely affected by the outcome of the litigation.' "); Wilson, 131 F.3d at 1304 (" '[C]ourts generally have been reluctant to allow intervention when the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene.' "). In addition, allowing SulmeyerKupetz to intervene at this late stage would likely prejudice plaintiff. SulmeyerKupetz seeks to file a five-count cross-complaint asserting claims relating to its entitlement to legal fees from defendants Graybox and Bergstein. Allowing SulmeyerKupetz to file its cross-complaint would likely delay and unnecessarily complicate these proceedings by effectively creating a "case within a case." For all of these reasons, the Court finds that SulmeyerKupetz has failed to demonstrate that its motion to intervene is timely.

In addition, the Court finds that SulmeyerKupetz has failed to demonstrate that it has a "significantly protectable interest" relating to this action. A proposed intervenor "has a 'significantly protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) *there is a 'relationship' between its legally protected interest and the plaintiffs claims*.' " California ex rel. Lockyer v. US., 450 F.3d 436, 441 (9th Cir. 2006) (emphasis added). Here, even assuming that SulmeyerKupetz has a valid attorneys' lien against the settlement funds, that interest bears no relationship to plaintiff's claims in this action. Plaintiff's claims relate to the missapropriataion by defendants of plaintiff's roughly $17 million investment with SIP. Other than Bergstein and Graybox, there is no connection between these claims and SulmeyerKupetz's claimed attorneys' lien. Moreover, while the Court's injunction has the effect of freezing the settlement funds, plaintiff's claims have no connection to those funds and do not expressly target those funds. Indeed, as the Court explained in its order granting plaintiff's motion for a preliminary injunction: "Wimbledon is not specifically targeting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

the settlement proceeds as the only Graybox asset to be frozen. Rather, it is seeking to freeze any and all assets Graybox may possess to prevent Graybox from dissipating those assets prior to resolution of this action." Dkt. 56, at 9. Accordingly, even assuming SulmeyerKupetz has a valid interest in the settlement funds, that interest does not appear to be sufficiently related to this action to warrant intervention.

     Finally, the Court finds that SulmeyerKupetz has failed to demonstrate that disposition of this action will impair or impede its ability to protect its interest in the settlement funds. Assuming *arguendo* that plaintiff is successful in this action and obtains a judgment against defendants, it is unclear how that will impair SulmeyerKupetz's interest in the settlement funds. As already stated, plaintiff's claims do not target the settlement fund nor do they challenge SulmeyerKupetz's claimed interest in the settlement funds. As such, even if plaintiff obtains a judgment against defendants, that will not prevent SulmeyerKupetz from asserting its interest against the settlement funds. Moreover, if SulmeyerKupetz is correct, and its interest in the settlement funds is indeed the senior interest, it will likely have priority over plaintiff in collecting its unearned legal fees.

     Accordingly, because SulmeyerKupetz has failed to establish all of the elements required in order for a party to have a right to intervene, the Court DENIES SulmeyerKupetz's motion.[1]

---

[1] In the alternative, SulmeyerKupetz argues that it meets the requirements for permissive intervention. "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." Donnelly v. Glickman, 195 F.3d 405, 412 (9th Cir. 1998). Here, as already explained *supra*, the Court finds that SulmeyerKupetz's request to intervene is untimely. And, the Court finds that, apart from the mere involvement of defendants Graybox and Bergstein, SulmeyerKupetz's claims for unpaid attorneys' fees bear no connection with plaintiff's claims for fraudulent transfer—in other words, SulmeyerKupetz's claims do not share a "common question of law or fact with the main action." Accordingly, SulmeyerKupetz has also failed to demonstrate that it satisfies the requirements for permissive intervention.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-06633-CAS(AJWx) | Date | August 11, 2016 |
| Title | THE WIMBLEDON FUND, SPC (CLASS TT) V. GRAYBOX, L.L.C., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** SulmeyerKupetz's motion to intervene in this action.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |