PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
G. JILL BASINGER - State Bar No. 195739
jbasinger@glaserweil.com
RICHARD W. BUCKNER - State Bar No. 102545
rbuckner@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants, Consolidated Defendants and
Third Party Plaintiffs Graybox, LLC; Eugene Scher, as
Trustee of Bergstein Trust; David Bergstein; and Aaron
Grunfeld

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| THE WIMBLEDON FUND, SPC (CLASS TT),<br><br>Plaintiff,<br><br>v.<br><br>GRAYBOX, LLC; INTEGRATED ADMINISTRATION; EUGENE SCHER, AS TRUSTEE OF BERGSTEIN TRUST; AND CASCADE TECHNOLOGIES CORP.,<br><br>AND CONSOLIDATED ACTION AND RELATED THIRD PARTY ACTIONS | CONSOLIDATED CASE NO.: 2:15-CV-6633-CAS-AJWx<br><br>**NOTICE OF MOTION AND MOTION OF GLASER WEIL FINK JACOBS HOWARD AVCHEN & SHAPIRO LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR GRAYBOX, LLC; EUGENE SCHER, AS TRUSTEE OF BERGSTEIN TRUST; DAVID BERGSTEIN; AND AARON GRUNFELD; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF RICHARD W. BUCKNER IN SUPPORT THEREOF**<br><br>DATE: July 10, 2017<br>TIME: 10:00 am<br>COURTROOM: 8D |

1338281

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 10, 2017, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Honorable Christina A. Snyder, in Courtroom 8D of the above-entitled Court located at 350 W. First Street, 8th Floor, Los Angeles, California 90012, the law firm of Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP ("Glaser Weil") will, and hereby does, move for leave to withdraw as counsel for Graybox, LLC; Eugene Scher, as Trustee of Bergstein Trust; David Bergstein; and Aaron Grunfeld ("Clients").

This Motion To Withdraw As Counsel ("Motion") is made pursuant to Local Rule 83-2.3.2 and California Rule of Professional Conduct 3-700(C) on the grounds that: (1) Clients have not been current with their outstanding legal fees owed to Glaser Weil since November 2016, and have not made any payment for legal services to Glaser Weil in several months; (2) Clients currently owe Glaser Weil a substantial sum of money for legal services rendered by Glaser Weil; (3) given the substantial sum owed to Glaser Weil, Glaser Weil seeks to be relieved as counsel of record for Clients; (4) in order to limit the incurrence of additional legal bills for which Glaser Weil is not receiving payment, Glaser Weil seeks to be relieved as counsel of record.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on May 15, 2017.

This Motion is based upon this notice, the attached memorandum of points and authorities, the attached declaration of Richard W. Buckner, the entire record herein, and any oral argument at the hearing on this Motion.

DATED: May 31, 2017

GLASER WEIL FINK HOWARD
    AVCHEN & SHAPIRO LLP

By: /s/ Richard W. Buckner
PATRICIA L. GLASER
RICHARD W. BUCKNER
    Attorneys for Defendants and Third
    Party Plaintiffs Graybox, LLC, Eugene
    Scher, as Trustee of Bergstein Trust,
    David Bergstein, and Aaron Grunfeld

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The law firm of Glaser Weil Fink Howard Avchen & Shapiro, LLP ("Glaser Weil") respectfully requests that it be relieved as counsel of record for Graybox, LLC; Eugene Scher, as Trustee of Bergstein Trust; David Bergstein; and Aaron Grunfeld ("Clients"). Clients owe Glaser Weil a substantial sum for legal services rendered by Glaser Weil. Declaration of Richard W. Buckner, ¶ 2 ("Buckner Decl."). Clients have not been current with their outstanding legal fees owed to Glaser Weil since November 2016, and have not made any payment for legal services to Glaser Weil in several months. *Id.* Glaser Weil has been in discussions with David Bergstein regarding the outstanding legal fees for over six months but, regrettably, Clients remain unwilling to pay the substantial fees owed despite repeated requests by Glaser Weil. *Id.,* ¶ 3. Indeed, Glaser Weil's retainer agreement requires that it be promptly paid for its legal services, and the failure of Graybox, LLC, Eugene Scher, as Trustee of Bergstein Trust, and David Bergstein to pay constitutes a breach of that agreement. *Id.,* ¶ 4.

Moreover, Clients will not suffer any prejudice if Glaser Weil's motion to be relieved as counsel is granted. On or about December 7, 2016, Graybox, LLC and David Bergstein filed a Motion to Stay Action Pending Resolution of Related Criminal Action. That motion was granted by order of the court dated January 9, 2017. *Id.,* ¶ 5; *see also* Dckt. No. 298. Pursuant to this Court's order, this action has been stayed pending resolution of the criminal proceedings against Graybox, LLC and David Bergstein. The stay issued in this case on January 9, 2017 and the criminal case is not set for trial until February 5, 2018. *Id.,* ¶ 6; *see also* Dckt No. 299. Therefore, given the large span of time between the stay and the trial in the criminal case, Clients will not suffer any prejudice from this withdrawal.

Finally, Local Rule 83-2.3.2 allows an attorney to seek leave to withdraw provided that timely notice is provided to the affected client(s) as well as to all parties

1  in the action. On or about May 31, 2017, Glaser Weil provided written notice to the
2  Clients of its intention to withdraw by providing Clients with a copy of the Notice of
3  Motion, the Motion, and the supporting papers. Buckner Decl., ¶ 7. This Notice of
4  Motion, Motion, and the supporting papers are also being served on all parties'
5  counsel of record in this action by filing them electronically via the ECF system. *Id*.
6      For the foregoing reasons, as well as those set forth below, there is good cause
7  for withdrawal by Glaser Weil and the Court should grant the instant motion to
8  relieve Glaser Weil as counsel of record.

9  **II.**    **ARGUMENT**

10     **A.**    **<u>Client's Failure To Pay His Attorney's Fees Are Well-Recognized</u>**
11            **<u>Justifications For Withdrawal.</u>**

12     It is well-established that a client's failure to pay attorney's fees and costs
13 serves as grounds for an attorney to withdraw. *See Darby v. City of Torrence*, 810 F.
14 Supp. 275, 276 (C.D. Cal. 1992); *Canandaigua Wine Co. v. Moldauer*, 2009 WL
15 89141, at *2 (E.D. Cal. Jan. 14, 2009) (granting motion to withdraw as counsel due to
16 non-payment of attorney's fees); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.,* 2009 WL
17 464768, at *2 (N.D. Cal. Feb. 24, 2009) (holding withdrawal is proper where client
18 failed to pay an unspecified amount of attorney's fee and client refused to
19 communicate with its attorney despite attorney's multiple attempts to contact him);
20 *Schueneman v. 1st Credit of Am., LLC*, 2007 WL 1969708, at *7 (N.D. Cal. July 6,
21 2007) (granting motion to withdraw as defendant's counsel because defendant
22 breached an agreement to pay counsel's fees).
23     While this Court's Local Rules state that a failure to pay agreed compensation
24 is not *necessarily* sufficient to establish good cause, the California Rules of
25 Professional Conduct allow for withdrawal where a client makes it "unreasonably
26 difficult . . . to carry out the employment effectively" or where a client "breaches an
27 agreement or obligation to the member [of the California State Bar] as to expenses or
28 fees." Cal. R. Prof Conduct 3-700(C)(l)(d) & (f); *see also* Schwarzer, Tashima, et al.,

*Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group 2013) § 12:192, at 12-66.4 (noting that "[f]ederal courts generally look to applicable state rules of professional conduct"); *id*. § 12:193, at 12-66.4 ("The client's failure to pay agreed-upon attorney fees may be ground for an attorney to withdraw.").

Clients currently owe Glaser Weil a substantial amount of legal fees, which they failed and continue to fail to pay despite repeated promises that payment would be forthcoming. Buckner Decl., ¶ 2. Clients have not been current with their outstanding legal fees owed to Glaser Weil since November 2016, and have not made any payment for legal services to Glaser Weil in several months despite Glaser Weil's repeated requests for Clients to do so. *Id*., ¶ 3. The failure by Graybox, LLC, Eugene Scher, as Trustee of Bergstein Trust, and David Bergstein to pay Glaser Weil's legal fees constitutes a material breach of Glaser Weil's retainer agreement, and the retainer agreement expressly permits Glaser Weil to withdraw as counsel of record if it is not timely paid.[1] *Id*., ¶ 4. Indeed, Graybox, LLC, Eugene Scher, as Trustee for the Bergstein Trust, and David Bergstein repeated their promise to pay in writing as recently as May 17, 2017. Thus, under the retainer agreement and as a matter of law, Glaser Weil is entitled to withdraw as counsel of record, and the Court should grant the instant Motion.

### B. No Prejudice Will Result by Permitting Glaser Weil to Be Relieved as Counsel.

Motions to withdraw as counsel are routinely granted where withdrawal would not cause a delay or unduly prejudice or burden the parties or the Court. *Liang v. Cal-Bay Int'l, Inc.*, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007) (granting motion to withdraw as counsel where withdrawal will not prejudice justice or delay

---

[1] In order to maintain Clients' privacy and confidentiality, Glaser Weil is not attaching its retainer agreement to this Motion. However, if Clients dispute the provisions of that agreement, including the term permitting withdrawal upon non-payment, so as to place the agreement in dispute, Glaser Weil will have no choice but to proffer the agreement to the Court.

resolution of the case); *Schueneman v. 1st Credit of Am.,* LLC, 2007 WL 1969708, at *7 (N.D. Cal. July 6, 2007) (granting motion to withdraw as counsel where withdrawal will not prejudice the parties); *Bradford v. City of Modesto*, 2008 WL 2682734, at *2 *(E.D. Cal. July 3, 2008)* (granting motion to withdraw as counsel where there will be "minimal prejudice" to party).

As noted above, on or about December 7, 2016, Graybox, LLC and David Bergstein filed a Motion to Stay Action Pending Resolution of Related Criminal Action. That motion was granted by order of the court dated January 9, 2017. Dckt. No. 298. Pursuant to this Court's order, this action is stayed until resolution of the criminal case which is not set for trial until February 5, 2018. Dckt No. 299. A successor counsel will have more than enough time to familiarize him or herself with this case. As such, no prejudice or delay would result from Glaser Weil's withdrawal as Clients' counsel.

### III. CONCLUSION

For the foregoing reasons, Glaser Weil respectfully requests that the Court permit it to withdraw from its representation of Clients.

DATED: May 31, 2017

GLASER WEIL FINK HOWARD
AVCHEN & SHAPIRO LLP

By: /s/ Richard W. Buckner
PATRICIA L. GLASER
RICHARD W. BUCKNER
Attorneys for Defendants, Consolidated Defendants, and Third Party Plaintiffs Graybox, LLC, Eugene Scher, as Trustee of Bergstein Trust, David Bergstein, and Aaron Grunfeld

## DECLARATION OF RICHARD W. BUCKNER

I, Richard W. Buckner, declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and am Of Counsel of the law firm, Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP ("Glaser Weil"), counsel of record for Graybox, LLC; Eugene Scher, as Trustee of Bergstein Trust; David Bergstein; and Aaron Grunfeld ("Clients") in the above-captioned action. I am one of the attorney's responsible for this matter and have personal knowledge as to the work performed on behalf of our client as well as the this firm's billings with respect thereto. I have personal knowledge of the facts in this declaration, and could and would competently testify thereto if called upon to do so.

2. Clients owe Glaser Weil a substantial sum for legal services rendered by Glaser Weil. Clients have not been current with their outstanding legal fees owed to Glaser Weil since November 2016, and have not made any payment for legal services to Glaser Weil in several months.

3. Glaser Weil has been in discussions with David Bergstein regarding the outstanding legal fees for over six months but Clients continue to fail to pay the substantial fees owed despite repeated requests by Glaser Weil and repeated promises to pay.

4. Glaser Weil's retainer agreement requires that it be promptly paid for its legal services.

5. On or about December 7, 2016, Graybox, LLC and David Bergstein filed a Motion to Stay Action Pending Resolution of Related Criminal Action. That motion was granted by order of the court dated January 9, 2017. *See* Dckt. No. 298.

6. Pursuant to a Joint Status Report Re Criminal Matter ("Status Report") filed on May 8, 2017, the Court set a trial date in the criminal case for February 5, 2018. *See* Dckt. No. 299.

7. On May 31, 2017, Glaser Weil provided written notice to the Clients of its intention to withdraw by providing Clients with a copy of the Notice of Motion, the Motion, and the supporting papers. The Notice of Motion, Motion, and the supporting papers are also being served on all parties' counsel of record in this action by filing them electronically via the ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 31, 2017, at Los Angeles, California.

       /s/ Richard W. Buckner
    RICHARD W. BUCKNER