UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-6633-CAS(AJWx) | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - MOTION TO WITHDRAW AS COUNSEL (Dkt. 300, filed June 19, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7-15. Accordingly, the hearing date of July 10, 2017 is vacated, and the matter is hereby taken under submission.

On August 28, 2015, plaintiff The Wimbledon Fund, SPC (Class TT) ("Wimbledon") brought an action against defendants Graybox, LLC ("Graybox"), and Eugene Scher, in his capacity as Trustee of the Bergstein Trust. Dkt. 1. On April 14, 2016 plaintiff filed a motion to consolidate that action with another action against David Bergstein and Aaron Grunfeld. Dkt. 127. On May 10, 2017, the Court granted the motion to consolidate. Dkt. 134. Graybox, Scher, Bergstein, and Grunsfeld (collectively, "defendants") are represented by Glaser, Weil, Fink, Jacobs, Howard, Avchen & Shapiro, LLP ("Glaser Weil").

On January 9, 2017, the Court stayed this cased pending the resolution of a related criminal action in the Southern District of New York (the "Criminal Case"). Dkt. 298. The district court in New York set a trial date of February 5, 2018 for the Criminal Case. Dkt. 299.

On May 31, 2017, Glaser Weil filed the instant motion to withdraw from representing defendants in this matter, on the grounds that defendants owed Glaser Weil fees for legal services rendered, but had not made payments for several months and were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS(AJWx) | Date | June 30, 2017 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL. | | |

thus in breach of their retainer agreement. Dkt. 300 ("Motion"). On June 19, 2017, Wimbledon filed an opposition to the motion, arguing that Glaser Weil failed to comply with local rules and failed to show good cause for withdrawal, and that withdrawal would lead to undue delay. Dkt. 301. ("Opp'n"). On June 26, 2017, Glaser Weil filed its reply. Dkt. 302 ("Reply").

Local Rule 83-2.3.2 states that "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. Glaser Weil's motion makes no mention of whether counsel had given written notice in advance of filing. However, Glaser Weil asserts that Richard W. Buckner, a Glaser Weil attorney, personally notified defendants and counsel for all other parties of Glaser Weil's intent to withdraw via email on May 15, 2017. Reply at 2; Supplemental Declaration of Richard W. Buckner ("Supp. Buckner Decl.") ¶ 3. Buckner's declaration regarding the email is sufficient to establish compliance with Local Rule 83-2.3.2.

When attorneys request "leave to withdraw from representation of an organization of any kind," they "must give written notice to the organization of the consequences of its inability to appear pro se." C.D. Cal. L.R. 83-2.3.4. Among defendants, Graybox (a corporation) and Scher (a trustee) are considered organizations for purposes of Local Rule 83-2.3.4.[1] Again, Glaser Weil's motion makes no mention of whether it advised Graybox and Scher of their inability to appear pro se. However, Buckner's supplemental declaration states that Buckner personally notified Graybox and Scher via email "that organizations and trusts cannot appear pro se and that they would need to retain counsel to defend themselves in this action." Supp. Buckner Decl. ¶ 2. Although Glaser Weil does not specify the date on which Buckner sent this email, nor attach a copy of the email to its reply, Buckner's "declaration at least facially satisfies the requirement of Local Rule [83-2.3.4]." See HyLoft, Inc. v. Jiangsu Sainty Shengtong Imp. & Exp. Co., 07-cv-

---

[1] Trusts are considered organizations for the purposes of L.R. 83-2.2.2, and therefore may not appear before the Court pro se. L.R. 83-2.2.2. A non-attorney trustee may not appear pro se on behalf of a trust. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS(AJWx) | Date | June 30, 2017 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL. | | |

5819-AHM, 2008 WL 4184633, at *3 (C.D. Cal. Sep. 8, 2008); see also Life Bliss Found. v. Sun TV Network Ltd., 13-cv-00393-VAP, 2014 WL 12613380, at *2 (C.D. Cal. Mar. 7, 2014) ("Here, Counsel's declarations attest that Counsel communicated with representatives of Sun TV concerning its inability to appear pro se. Accordingly, Counsel have fulfilled Local Rule 83-2.3.4's requirement." (citations omitted)).

If an attorney's withdrawal will cause delay in the case, a court should not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]." C.D. Cal. L.R. 83-2.3.5. While the "[f]ailure of the client to pay agreed compensation is not necessarily sufficient to establish good cause," C.D. Cal. L.R. 83-2.3.2, "[c]ourts have also held that the failure to pay attorney's fees may be grounds for withdrawal," Canandaigua Wine Co. v. Edwin Moldauer, No. 1:02-cv-06599-OWW-DLB, 2009 WL 89141, at *2 (E.D. Cal. Jan. 14, 2009) (collecting cases); see also Moss Landing Commercial Park LLC v. Kaiser Aluminum Corp., No. 07-cv-06072-RMW, 2009 WL 764873, at *1 (N.D. Cal. Mar. 19, 2009) ("The court applies California's Rules of Professional Conduct to determine whether withdrawal is proper. Pursuant to such rules, an attorney may seek to withdraw if the client 'breaches an agreement or obligation to the member as to expenses or fees.'" (quoting Cal. Rule of Prof. Conduct 3-700(C)(1)(f)) (citations omitted)).

Glaser Weil contends that defendants are in breach of their retainer agreement for failure to pay promptly for legal services rendered. Wimbledon argues that Glaser Weil has failed to demonstrate good cause in support of the motion to withdraw because the motion does not specify "what fees are owed and by whom." Opp'n at 5. Wimbledon relies on Kirkland v. Golden Boy Productions, Inc., 12-cv-07071-MMM, 2013 WL 12138685 (C.D. Cal. May 8, 2013) in support of its argument. However, in Kirkland, the counsels' motion only "reference[d] a failure to pay fees" and the accompanying declaration made "no mention" of the client's failure to pay. Id. at *2. By contrast, Glaser Weil's motion unequivocally states that defendants owe counsel substantial fees and have continually failed to make payments, in breach of the retainer agreement. Motion at 1. Buckner attests that he has "communicated, repeatedly and in writing via email and by letter, with each [defendant] regarding its outstanding and unpaid fees." Supp. Buckner Decl. ¶ 5. Buckner also states that defendants "continue to owe Glaser Weil substantial fees and have not been current with their outstanding legal fees since

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:15-cv-6633-CAS(AJWx) | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL. | | |

November 2016," and that defendants "have made no payment to Glaser Weil for outstanding fees for months, and have not paid any amount of the outstanding fees since Glaser Weil filed its motion to withdraw." Id. Thus, the Court finds that Glaser Weil has provided both declaratory evidence and an explanation regarding "what fees are owed and by whom." While Glaser Weil has not specified the "particular fees or costs" owed by defendants, the Court finds that Glaser Weil's assertions regarding defendants' failure to pay legal fees, supported by Buckner's declarations, are sufficient to establish good cause. See, e.g., Garnica v. Fremont Inv. & Loan, 12-cv-1366-DOC, 2012 WL 5830078, *1 (C.D. Cal. Nov. 14, 2012) (granting counsel for plaintiffs' motion to withdraw, based in part on the attorney's uncontested declaration that "[p]laintiffs had failed to pay an outstanding balance on the retainer agreement, as well as fees"); Privacywear, Inc. v. QTS & CTFC, LLC, 07-cv-1532-VAP, 2010 WL 11509227, *2 (C.D. Cal. Apr. 21, 2010) (finding good cause for withdrawal based on the attorney's declaration that plaintiffs were "delinquent in the payment of fees," and that plaintiff had indicated that she would continue to be unable to pay fees on behalf of all of the plaintiffs.).

    Finally, Wimbledon argues that granting the motion would create undue delay, impede the administration of justice, "and further prejudice the [plaintiff]'s ability to prosecute the case," as it would take defendants' new counsel time to "familiarize himself/herself with the case." Opp'n at 6. The Court finds this argument unpersuasive. This action is stayed until the resolution of the Criminal Case, in which trial is not set to begin until February 5, 2018. Thus, defendants' new counsel will have ample time to become familiar with the circumstances of this action before the stay is lifted. Accordingly, the instant motion is **GRANTED**. The Court hereby relieves Glaser Weil as counsel for defendants.

    Bergstein and Grunfeld, as individuals, "must appear pro se or appoint another attorney by a written substitution of attorney." C.D. Cal. L.R. 83-2.3.3. Graybox and Scher, as organizations, may not appear pro se. C.D. Cal. L.R. 83-2.2.2. Accordingly, Glaser Weil shall serve a copy of this minute order on Graybox and Scher forthwith, notifying them of their obligation to obtain counsel within **thirty (30) days** of the date of this order. C.D. Cal. L.R. 83-2.3.4. Glaser Weil shall also advise Graybox and Scher that their failure to retain new counsel or otherwise respond within **thirty (30) days** may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:15-cv-6633-CAS(AJWx) | Date | June 30, 2017 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) v. GRAYBOX, LLC ET AL. | | |

result in the imposition of sanctions or the entry of default. Glaser Weil shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

    IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |