UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-6633-CAS (AJWx); C/W: 2:16-cv-2287-CAS(AJWx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) V. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

Present: The Honorable   CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

Not Present   Not Present

**Proceedings:**   (IN CHAMBERS) - MOTION OF BIENERT, MILLER & KATZMAN, PLC TO WITHDRAW AS COUNSEL FOR DEFENDANTS DAVID BERGSTEIN AND GRAYBOX, LLC (Dkt. 326, 2:15-cv-6633)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of July 9, 2018 is vacated, and the matter is hereby taken under submission.

## I.  INTRODUCTION & BACKGROUND

On August 28, 2015, plaintiff The Wimbledon Fund, SPC (Class TT) ("Wimbledon") brought this action against Graybox, LLC ("Graybox") and Eugene Scher ("Scher"), as trustee of the Bergstein Trust, among other corporate defendants—alleging that it was the victim of a fraudulent investment scheme. Dkt. 1. The Court eventually consolidated the case with a related alter ego action against David Bergstein ("Bergstein") and other individual defendants. See The Wimbledon Fund, SPC (Class TT) v. Bergstein, No. 2:16-cv-2287-CAS (AJWx). On September 29, 2015, the Court granted Wimbledon's request for a preliminary injunction and froze the assets of Graybox. Dkt. 54. The order was affirmed on appeal. See Wimbledon Fund, SPC Class TT v. Graybox, LLC, 648 F. App'x 701, 702 (9th Cir. 2016).

On May 10, 2016, Graybox and Scher filed a third-party complaint seeking indemnification or contribution from several third-party defendants, including Société Générale Private Banking Suisse, SA ("Société Générale"). Dkts. 133, 278. Graybox

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:15-cv-6633-CAS (AJWx); C/W: 2:16-cv-2287-CAS(AJWx) | Date | July 5, 2018 |
|---|---|---|---|
| Title | THE WIMBELDON FUND, SPC (CLASS TT) V. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

and Scher allege they acted in good faith and in reliance on representations that the third-party defendants had decision-making authority with respect to the investment of funds derived from Wimbledon or otherwise had authority to control the transfer of Wimbledon's assets. <u>Id.</u>

On January 9, 2017, the Court stayed the consolidated actions pending the resolution of a related criminal case against Bergstein and another defendant in the Southern District of New York. Dkt. 29; <u>see</u> <u>United States v. Bergstein, et al.</u>, No. 16-cr-746-PKC (S.D.N.Y.).

On August 16, 2017, Bienert, Miller & Katzman, PLC ("BMK") appeared on behalf of Bergstein and Graybox. Dkts. 307, 308. Wimbledon reached a settlement with Bergstein and Graybox, and on August 17, 2017, the Court approved the parties' joint stipulation to lift the stay for the limited purpose of directing BMK to release the frozen funds to Wimbledon. Dkt. 311. The Court subsequently granted the parties' joint stipulation to dismiss all claims against defendants. Dkt. 319.

On March 1, 2018, following a four-week trial, Bergstein was convicted on all counts and remanded into custody at the Metropolitan Correctional Center in New York. <u>See</u> Declaration of Anthony R. Bisconti ("Bisconti Decl.") ¶ 4. On June 27, 2018, Bergstein was sentenced and judgment was entered in the criminal case. <u>See</u> <u>United States v. Bergstein, et al.</u>, No. 16-cr-746-PKC (S.D.N.Y.), dkt. 420.

On June 15, 2018, BMK filed the instant motion to withdraw from representing Bergstein and Graybox in this action. Dkt. 326 ("Mot."). On June 21, 2018, Société Générale filed an opposition, dkt. 327 ("Opp'n"); and BMK filed a reply on June 25, 2018, dkt. 329. Having carefully considered the arguments by counsel, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Local Rule 83–2.3.2 allows an attorney to withdraw as counsel only upon leave of court. A motion for leave to withdraw "must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83–2.3.2. When an attorney requests "leave to withdraw from

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (AJWx); C/W: 2:16-cv-2287-CAS(AJWx) | Date | July 5, 2018 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) V. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

representation of an organization of any kind," the attorney "must give written notice to the organization of the consequences of its inability to appear *pro se*." C.D. Cal. L.R. 83–2.3.4. A motion for leave to withdraw "must be supported by good cause" and "failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." C.D. Cal. L.R. 83–2.3.2. "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. L.R. 83–2.3.5.

Withdrawal is governed by the California Rules of Professional Conduct ("CRPC"). See Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008). Rule 3–700(C) sets forth several grounds under which an attorney may request permission to withdraw, including if the client "breaches an agreement or obligation to the [attorney] as to expenses or fees." CRPC 3–700(C)(1)(f). An attorney may also request withdrawal based on "other conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively," such as a client's failure to communicate with his or her attorney. CRPC 3–700(C)(1)(d). The decision to grant or deny a motion to withdraw is discretionary—a court may use "its discretion to deny an attorney's request to withdraw where such withdrawal would work an injustice or cause undue delay in the proceeding." Andrews v. Jung, No. C 12-04614 LB, 2013 WL 1694808, at *1 (N.D. Cal. Apr. 18, 2013) (citing Mandel v. Superior Court, 67 Cal. App. 3d 1, 4 (1977)).

### III. DISCUSSION

BMK requests to be relieved as counsel of record for Bergstein and Graybox for two reasons. First, Bergstein and Graybox owe BMK a substantial sum for legal services rendered, and the payments are long overdue. Accordingly, they are in breach of their retainer agreement with BMK. Mot. at 6; Bisconti Decl. ¶ 3. Second, BMK indicates that it has become unreasonably difficult to carry out the representation for reasons that cannot be disclosed because BMK is ethically obligated to maintain client confidences and seeks to avoid a potential violation or waiver of the attorney–client privilege. Mot. at 6; Bisconti Decl. ¶ 4. BMK indicates that it has complied with the requirements of Local Rules 83–2.3.2 and 83–2.3.4. Specifically, BMK has provided notice to its clients and all other parties of the request to withdraw. Mot. at 6; Bisconti Decl. ¶ 5. Additionally, BMK has notified Bergstein that upon withdrawal, he must appear *pro se* or appoint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-6633-CAS (AJWx); C/W: 2:16-cv-2287-CAS(AJWx) | Date | July 5, 2018 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) V. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. | | |

another attorney to appear on his behalf, and has provided notice to Graybox of the consequences the company's inability to appear *pro se*. Id.

Based on the foregoing, the Court finds good cause to permit BMK to withdraw from the representation. BMK's assertions regarding the failure of Bergstein and Graybox to pay their legal fees, supported by Bisconti's declaration, are sufficient to establish good cause. See, e.g., Garnica v. Fremont Inv. & Loan, No. 12-cv-1366-DOC, 2012 WL 5830078, *1 (C.D. Cal. Nov. 14, 2012) (granting counsel for plaintiffs' motion to withdraw, based in part on the attorney's uncontested declaration that "[p]laintiffs had failed to pay an outstanding balance on the retainer agreement, as well as fees"); Privacywear, Inc. v. QTS & CTFC, LLC, No. 07-cv-1532-VAP, 2010 WL 11509227, *2 (C.D. Cal. Apr. 21, 2010) (finding good cause for withdrawal based on the attorney's declaration that plaintiffs were "delinquent in the payment of fees," and that plaintiff had indicated that she would continue to be unable to pay fees on behalf of all of the plaintiffs.). In addition, BMK has demonstrated compliance with the notice requirements of Local Rules 83–2.3.2 and 83–2.3.4. See Bisconti Decl. ¶¶ 4–5.

Société Générale opposes the motion on the ground that permitting withdraw at this juncture would leave the third party claims "in limbo." Opp'n at 4. In light of the settlement in this case and joint stipulation to dismiss Wimbledon's claims against all defendants, Société Générale argues that the third-party claims for indemnity and contribution are now "moot" and should be dismissed. Id. at 1. Société Générale indicates that BMK has not been responsive to its requests to stipulate to the dismissal of the third-party claims. Id. at 2–3; Declaration of Emily V. Griffin ¶¶ 6, 8. Because the third-party plaintiffs have refused to respond to counsel, Société Générale requests that the Court either (1) dismiss the claims against it in the third-party complaint; or (2) issue and order to show cause why the third-party claims should not be dismissed with prejudice, and refrain from granting BMK's motion to withdraw pending resolution of this issue. Opp'n at 5.

The Court is not persuaded that summary adjudication of the remaining third-party claims is necessary before allowing BMK to withdraw. Société Générale has not made an adequate showing that granting the instant motion would cause undue delay, prejudice, or otherwise prevent it from being able to defend against the third-party claims. Nor has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:15-cv-6633-CAS (AJWx); C/W: 2:16-cv-2287-CAS(AJWx) | Date | July 5, 2018 |
| Title | THE WIMBELDON FUND, SPC (CLASS TT) V. GRAYBOX, LLC ET AL.; C/W: THE WIMBELDON FUND, SPC (CLASS TT) v. DAVID BERGSTEIN; ET AL. |

Société Générale demonstrated that they are entitled to summary adjudication of the third-party claims and an immediate judgment of dismissal. Even if Bergstein and Graybox fail to retain new counsel, the Court sees no reason why Société Générale would be unable to fully and fairly litigate the remaining third-party claims. BMK further contends that Société Générale's opposition is procedurally improper because it violates the Court's order staying these consolidated actions pending resolution of the criminal case in the Southern District of New York. Reply at 1–2. However, in light of Bergstein's sentencing and entry of judgment on June 27, 2018, the stay has expired by its own terms—and, to the extent the stay has not expired by operation of law, the Court hereby lifts the stay in these consolidated actions. Thus, notwithstanding Société Générale's objection, the Court finds good cause to permit withdrawal and accordingly relieves BMK as counsel for Bergstein and Graybox.

## IV. CONCLUSION

Accordingly, BMK's motion to withdraw is **GRANTED**. The Court hereby relieves BMK as counsel for defendants Bergstein and Graybox.

Bergstein "must appear *pro se* or appoint another attorney by a written substitution of attorney." C.D. Cal. L.R. 83–2.3.3. However, Graybox, as an organization, may not appear *pro se*. C.D. Cal. L.R. 83–2.2.2. Accordingly, BMK shall serve a copy of this minute order on Graybox forthwith, notifying the company of its obligation to obtain counsel within **thirty (30) days** of the date of this order. C.D. Cal. L.R. 83–2.3.4. BMK shall also advise Graybox that its failure to retain new counsel or otherwise respond within **thirty (30) days** may result in the imposition of sanctions or the entry of default. BMK shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 : 00 |
| Initials of Preparer | CMJ |