# EXHIBIT F

1    Henry N. Jannol, SBN 66309
2    hnj@smbgroup.com
     Paul H. Levine, SBN 82297
3    phl@smbgroup.com
4    LAW OFFICES OF HENRY N. JANNOL
     A PROFESSIONAL CORPORATION
5    10850 Wilshire Boulevard
6    Suite 825
     Los Angeles, California 90024-4644
7    T:    310/552-7500
     F:    310/552-7552
8
9    Attorneys for Defendants Integrated
     Administration and Kiarash Jam
10
11                   UNITED STATES DISTRICT COURT
12                   CENTRAL DISTRICT OF CALIFORNIA
13
14   THE WIMBLEDON FUND, SPC          CASE NO.: 2:15-CV-6633-CAS-
     (CLASS TT),                      AJWx
15                    Plaintiff,
                                      Hon. Christina A. Snyder
16   v.
                                      **DEFENDANT KIARASH JAM'S**
17   GRAYBOX, LLC; INTEGRATED         **SUPPLEMENTAL RESPONSES**
     ADMINISTRATION; EUGENE           **TO PLAINTIFF'S FIRST SET OF**
18   SCHER, AS TRUSTEE OF             **COMBINED WRITTEN**
     BERGSTEIN TRUST; AND             **DISCOVERY**
19   CASCADDE TECHNOLOGIES CORP.,
20                    Defendants.
21
22   THE WIMBLEDON FUND, SPC
     (CLASS TT),
23                    Plaintiff,
     v.
24
     DAVID BERGSTEIN, JEROME
25   SWARTZ, AARON GRUNFELD, AND
     KIARASH K. JAM,
26
                     Defendants.
27
28

PLAINTIFF'S
EXHIBIT
51
Jam  3/27/19

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

**PRELIMINARY STATEMENT**

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, Defendant Kiarash Jam ("Defendant" or "Jam") hereby responds and objects to Plaintiff's First Set of Combined Written Discovery, as follows:

**GENERAL OBJECTIONS**

Jam generally objects to the Combined Written Discovery on each and every one of the following grounds, which are incorporated into and made a part of Jam's response to each and every Request for Production, Request for Admission, and Interrogatory:

1.      Jam objects to the Requests for Production, Requests for Admission, and Interrogatories insofar as they seek documents and/or information belonging to other defendants in this action and/or non-parties, including, but not limited to Advisory IP Services, Inc. f/k/a Swartz IP Services Group, Inc. ("SIP"), Graybox LLC, Cascade Technologies Corp., Integrated Administration, FBO Weston Capital Partners Master Fund, Pineboard Holdings, Inc., Pineboard Funding, Broadway 4D Theaters, Henry N. Jannol and/or the Law Offices of Henry N. Jannol.  Such responsive documents, to the extent they exist, are in the possession, custody, or control of those entities or persons and should be obtained by directing discovery at those entities or persons. Jam's responses and/or production of responsive documents relate only to those documents in Jam's possession, custody, or control and do not reflect the documents which may or may not be in the possession, custody, or control of other entities or persons.

2.      Jam objects to the Combined Written Discovery, and to the Definitions and Instructions set forth therein, to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest privilege and/or any other applicable privilege, doctrine, or protection.  Jam uses the term "Privilege" in these objections to refer to each and all

of these privileges, doctrines, and protections from disclosure; uses the term "Privileged" to refer to any information protected from disclosure by any one or more Privileges; and uses the term "non-privileged" to refer to any information not so protected. Any inadvertent production of Privileged information shall not constitute a waiver of any applicable Privilege.

3. Jam objects to the Combined Written Discovery, and to the Definitions and Instructions set forth therein, to the extent they seek to impose obligations upon Jam different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure ("FRCP"), the Local Rules for the United States District Court for the Central District of California ("Local Rules"), or the Orders of the Court. Jam's responses shall be controlled by and comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and the Orders of the Court.

4. Jam objects to the Combined Written Discovery, and to the Definitions and Instructions set forth therein, to the extent that they use terms that are not defined or understood, or are vaguely and/or ambiguously defined, and therefore fail to identify with reasonable particularity the information sought. Jam will not speculate as to the meaning of such terms.

5. Jam objects to the Requests, and to the Definitions and Instructions set forth therein, to the extent they are overbroad, vague, ambiguous, unduly burdensome, oppressive, seek information that is not relevant to the subject matter of this action or to the pled claims or defenses of any party.

6. Jam objects to the Requests, and to the Definitions and Instructions set forth therein, to the extent they seek information that constitutes or contains proprietary, confidential, trade secret, third party, or sensitive business information.

7. Jam objects to the Requests for Production or Interrogatories to the extent that they call for Jam to create compilations of material or call for matters to be produced in a form or manner other than that kept by Jam in the usual course of business.

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

Jam has not completed his investigation of the facts relating to this case and has not completed it preparation for trial. The following responses are based upon information presently available to jam and are made without prejudice to Jam's right to utilize subsequently discovered facts.

Except for explicit facts admitted herein, no incidental or implied admissions are intended hereby.  The fact that Jam has answered any interrogatories should not be taken as an admission that Jam accepts or admits the existence of any facts set forth or assumed by such interrogatory, or that such response constitutes admissible evidence.  The fact that Jam has answered part or all of any interrogatory is not intended and shall not be construed to be a waiver by Jam of all or any part of any objection to any interrogatory.

**SUPPLEMENTAL RESPONSES TO FIRST SET OF COMBINED WRITTEN DISCOVERY**

**REQUEST FOR PRODUCTION NO. 1:**  All documents and communications between you and Swartz concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; (b) the Request is overbroad in scope; (c) the Request seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and the common interest privilege; (d) the Request seeks information that is not relevant Plaintiff's claims, including, but not limited to, call documents and communications concerning SIP, the Fund, and the Lawsuit; and (e) the Request seeks confidential and/or proprietary business information relating to SIP. Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 2:**  All documents and communications between you and Bergstein concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; (b) the Request is overbroad in scope; (c) the Request seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and the common interest privilege; (d) the Request seeks information that is not relevant Plaintiff's claims, including, but not limited to, call documents and communications concerning SIP, the Fund, and the Lawsuit; and (e) the Request seeks confidential and/or proprietary business information relating to SIP. Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam will produce all documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 3:**  All documents and communications between you and Grunfeld concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; (b) the Request is overbroad in scope; (c) the Request seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and the common interest privilege; (d) the Request seeks information that is not relevant Plaintiff's claims, including, but not limited to, call documents and communications concerning SIP, the Fund, and the Lawsuit; and (e) the Request seeks confidential and/or proprietary business information relating to SIP. Accordingly, Jam withholds documents based upon the above grounds.

**REQUEST FOR PRODUCTION NO. 4:**  All documents and communications between you and any third-party, excluding your counsel, concerning the Fund, the NPA and/or the Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; (b) the Request is overbroad in scope in that it does not identify the individuals or even categories of individuals whose communications are sought; (c) the Request seeks information that is protected from disclosure by the attorney-client privilege, attorney work product doctrine, and the common interest privilege, both in this litigation and in connection with other actions filed by Plaintiff and/or Plaintiff's affiliate; (d) the Request seeks information that is not relevant Plaintiff's claims, including, but not limited to, all documents and communications concerning SIP, the Fund, and the Lawsuit; (e) the Request seeks confidential and/or proprietary business information relating to SIP; and (f) the Request is unduly burdensome, oppressive, and designed solely to harass.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 5:**  All documents and communications between you and the Fund.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; (b) the Request is vague and ambiguous in that it does not identify the communicants at issue; (c) the Request is overbroad as to scope in that it does not identify any subject matter associated with the documents and/or communications; (d)

in light of the vagueness and ambiguity of the Request, the Request may seek information that is not relevant to Plaintiff's claims; (e) the Request seeks documents that is equally available to Plaintiff and that is already in Plaintiff's possession, custody, or control; and (f) the Request is unduly burdensome, oppressive, and designed solely to harass.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 6:**  All documents and communications between you and James King concerning the Fund, SIP, the NPA and/or the Lawsuit.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it does not specify any time period covered by the Request; and (b) the Request seeks documents that are not relevant to Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 7:**  All documents and communications between you and Albert Hallac concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time, in that it does not specify any time period covered by the Request; (b) the Request is seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the common interest privilege, in connection with other actions filed by Plaintiff's affiliate; and (c) the Request seeks information that is not relevant to Plaintiff's

claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Jam will produce all documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 8:**  All documents and communications between you and Jeffrey Hallac concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time, in that it does not specify any time period covered by the Request; (b) the Request is seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the common interest privilege, in connection with other actions filed by Plaintiff's affiliate; and (c) the Request seeks information that is not relevant to Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**  All documents and communications between you and Keith Wellner concerning the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time, in that it does not specify any time period covered by the Request; (b) the Request is seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the common interest privilege, in connection with other actions filed by Plaintiff's affiliate; and (c) the Request seeks information that is not relevant to Plaintiff's

1  claims.

2  Subject to, and without waiving, the foregoing objections, Jam responds as follows:

3  Jam will produce all documents in his possession, custody or control responsive to

4  this Request.

5  **REQUEST FOR ADMISSION NO. 1:**  Admit that you executed the NPA, a true

6  and accurate copy of which is annexed hereto as Exhibit A (Bates labeled WF

7  192601949), on or about November 14, 2011, as SIP's Vice President.

8

9  **RESPONSE:** Admit.

10 **REQUEST FOR PRODUCTION NO. 10:**  All documents and communications

11 concerning or relating to your responses to the preceding request for admission.

12 **RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a)

13 the Request is vague and ambiguous, (b) the Request seeks information that is

14 protected from disclosure by the attorney-client privilege, the attorney work product

15 doctrine and/or the common interest privilege, both in this action and in related

16 actions filed by Plaintiff and/or Plaintiff's affiliate, (c) the Request is overly broad in

17 that it does not specify the time period covered by the Request, and (d) the Request

18 seeks information that is not relevant to Plaintiff's claims. Accordingly, Jam

19 withholds documents based upon the above grounds.

20 **REQUEST FOR ADMISSION NO. 2:**  Admit that you executed certain SIP

21 Reference Noes (the "SIP Notes"), true and accurate copies of which are annexed

22 hereto as Exhibit B (Bates-labeled WF 28-30), on or about November 14, 2011, as

23 SIP's Vice President.

24

25 **RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a)

26 the Request is vague and ambiguous in that it is unclear whether the Request seeks to

27 attribute Jam's conduct on behalf of SIP as conduct of Jam personally.

28 Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Admits that he executed the Notes.

**REQUEST FOR PRODUCTION NO. 11:**  All documents and communications concerning or relating to your responses to the preceding request for admission.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is vague and ambiguous, (b) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate, and (c) the Request is overly broad in that it does not specify the time period covered by the Request. Accordingly, Jam withholds documents based upon the above grounds.

**REQUEST FOR ADMISSION NO. 3:**  Admit that by way of correspondence dated November 17, 2011, a true and accurate copy of which is annexed hereto as Exhibit C (Bates-labeled WF290-291), you advised Weston Capital Management LLC and/or Weston Capital Asset Management, LLC that $5 million of the Fund's initial investment in SIP would remain in cash or liquid investments until the SIP Notes matured or redemption were requested

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is vague and ambiguous in that it is unclear whether the Request seeks to attribute Jam's conduct on behalf of SIP as conduct of Jam personally.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Admits that he signed the letter dated November 17, 2011, and further responds that the letter speaks for itself.

**REQUEST FOR PRODUCTION NO. 12:**  All documents and communications concerning or relating to your response to the preceding request for admission.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is protected from disclosure by the attorney-client

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate, (b) the Request is vague and ambiguous as to whether it seeks documents and communications relating to Jam's response or seeks information underlying the response, and (c) the Request seeks documents not relevant to Plaintiff's claims. . Accordingly, Jam withholds documents based upon the above grounds.

**REQUEST FOR ADMISSION NO. 4:**  Admit that less than $5 million of the Fund's initial investment in SIP remained in cash or liquid investments until the SIP Notes matured or redemptions were requested.

**RESPONSE:**  Jam lacks knowledge or information as to the matter in the Request, and after reasonable inquiry the information known or readily available to Jam is insufficient to enable Jam to admit or deny said Request.

**REQUEST FOR PRODUCTION NO. 13:**  All documents and communications concerning or relating to your response to the preceding request for admission.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (b) the Request seeks information that is not relevant to Plaintiff's claim; and (d) the Request is more appropriately directed to non-party SIP, not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR ADMISSION NO. 5:**  Admit that you are an owner of K. Jam Media, and have been since its inception.

**RESPONSE:**  Jam specifically objects to this Request on the grounds: (a) the

11

Request is vague and ambiguous as to the meaning of the term "owner", and the Request is overly broad as to time.  Subject to, and without waiving the foregoing objections, Jams responds, as follows: Admit.

**INTERROGATORY NO. 1:**  To the extent that your response to the preceding request for admission is anything other than an unqualified admission, explain the complete factual basis for your response, including an explanation of your former and current roles in K. Jam Media.

**RESPONSE:**  Inapplicable.

**REQUEST FOR PRODUCTION NO. 14:**  All documents and communications concerning or relating to your response to the preceding request for admission.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (b) the Request seeks information that is not relevant to Plaintiff's claim

Accordingly, Jam withholds documents based upon the above grounds.

**REQUEST FOR ADMISSION NO. 6:**  Admit that you currently hold, or previously have held, the title of Vice President of SIP.

**RESPONSE:**  Admit

**INTERROGATORY NO. 2:**  To the extent that your response to the preceding request for admission is anything other than an unqualified admission, explain the complete factual basis for your response, including an explanation of your former and current roles in SIP.

**RESPONSE:**  Inapplicable.

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

**REQUEST FOR PRODUCTION NO. 15:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period.  Accordingly, Jam withholds documents based upon the above grounds.

**INTERROGATORY NO. 3:**  Identify, by name and address, all former and current officers, directors, shareholders and employees of SIP since December 1, 2010.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Interrogatory seeks information that should be directed to non-party SIP and not to Jam; and (c) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period.

Subject to, and without waiving, the foregoing objections, Jam responds based upon the information known or available to him, as follows: David Bergstein, who can be contacted through his attorneys of record was a director, and officer of SIP; Jam, who can be contacted through his attorneys of record, who was a Vice President of SIP from approximately November 2011 to June 2012.

**REQUEST FOR PRODUCTION NO. 16:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is vague and ambiguous regarding the scope of documents sought; (b) as written, the Request is overbroad as to scope because it purports to seek production of all documents related to all former and current officers, directors, shareholders and

employees of SIP; (c) the Request is overbroad as to time because it seeks documents outside of the relevant time period; and (d) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in connection with related actions filed by Plaintiff and/or Plaintiff's affiliate.  Subject to, and without waiving, the foregoing objections, Jam responds, as follows: After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 4:**  Identify every banking and investment account, by financial institution and account number, held in the name of, or on behalf of, SIP since December 1, 2010.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory seeks confidential and proprietary business information belonging to SIP; (b) the Interrogatory seeks information that is not relevant to Plaintiff's claims; (d) the Interrogatory is overbroad as to time in that it seeks information outside of the relevant time period; and (d) the Interrogatory is more appropriately directed toward non-party SIP.

**REQUEST FOR PRODUCTION NO. 17:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks confidential and proprietary business and financial information belonging to SIP; (b) the Request seeks documents that are more likely in the possession, custody, or control of third parties, including SIP; (c) the Request seeks documents that are not relevant to Plaintiff's claims; (d) the Request is overbroad as to time because it seeks information outside of the relevant time period; and (g) the Request is overbroad as to scope.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 5:**  For every SIP board meeting held since December 1, 2010, identify the following:  (i) the date; (ii) the location where the meeting was held; (iii) the individual who called for the meeting; (iv) all agenda items for the meeting; and (v) all resolutions passed at the meeting, if any.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory seeks confidential and proprietary business information belonging to SIP; (b) the Interrogatory is more appropriately directed to SIP, not to Jam; (c) the Interrogatory is overbroad as to time because it seeks information regarding board meetings outside of the relevant time period; (d) to the extent the Interrogatory seeks information regarding the substance of the SIP Board meetings, the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (e) the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest doctrine, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate.

**REQUEST FOR PRODUCTION NO. 18:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks confidential and proprietary business information belonging to SIP; (b) the Request is more appropriately directed to SIP, not to Jam; (c) the Request is overbroad as to time because it seeks information regarding board meetings outside of the relevant time period; (d) the Request seeks information that is not relevant to Plaintiff's claims; and (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine and/or the common interest doctrine, both in this action and in related actions filed by

Plaintiff and/or Plaintiff's affiliate.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 6:**  Identify all leases as to which SIP was a party since December 1, 2010.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed to non-party SIP, not to Jam; (b) the Interrogatory seeks information that is not relevant to Plaintiff's claims; (c) the Interrogatory is overbroad because it seeks information outside of the relevant time period; (d) the Interrogatory is vague and ambiguous as to the information sought by the undefined term "identify."

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 19:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request seeks information that is not relevant to Plaintiff's claims; and (c) the Request is overbroad because it seeks information outside of the relevant time period.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 7:**  Identify all real property owned at any point in time by SIP since December 1, 2010.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed at non-party, SIP, not to Jam; (b) the Interrogatory is overbroad because it seeks information outside of the relevant time period; (c) the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (d) the Interrogatory is vague and ambiguous as to the information sought by the undefined term "identify."

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 20:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request is overbroad because it seeks information outside of the relevant time period; and (c) the Request seeks information that is not relevant Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 8:**  Identify all SIP clients, if any, since December 1, 2010.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed to non-party, SIP, not to Jam; (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (c) the Interrogatory seeks information that is not relevant to

Plaintiff's claims; (d) the Interrogatory is vague and ambiguous as to the undefined terms "identify" and "clients;" and (e) the Interrogatory seeks confidential, proprietary, and/or trade secret information belonging to SIP.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 21:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period; (c) the Request seeks information that is not relevant to Plaintiff's claims; (d) the Request is vague and ambiguous as to the undefined term "clients;" (e) the Request is further vague and ambiguous as to the documents and communications sought, i.e., whether the Request seeks all documents and/or communications that concern or relate to SIP's "clients" or whether the Request seeks documents and/or communications sufficient to identify SIP's "clients" by name and/or contact information; (f) to the extent that the Request seeks all documents and communications that concern or relate to SIP's "clients," the Request is overbroad, unduly burdensome, and designed solely to harass; (g) to the extent that the Request seeks all documents and communications that concern or relate to SIP's "clients," the Request seeks confidential, proprietary, and/or personal private information belonging to SIP's "clients;" and (h the Request seeks confidential, proprietary, and/or trade secret information belonging to SIP.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his

possession, custody or control responsive to this Request.

**INTERROGATORY NO. 9:**  For every loan issued by SIP since December 1, 2010, identify the following:  (i) to whom the loan was made; (ii) the date of the loan; (iii) the loan amount; (iv) the term of the loan; (v) how much, if any, of the loan has been repaid; and (vi) the purpose of the loan.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed to non-party, SIP, not to Jam; (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (c) the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (d) the Interrogatory seeks confidential, proprietary, and/or trade secret information belonging to SIP.

**REQUEST FOR PRODUCTION NO. 22:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period; (c) the Request seeks information that is not relevant to Plaintiff's claims; (d) the Request is further vague and ambiguous as to the documents and communications sought, i.e., whether the Request seeks all documents and/or communications that concern or relate to loans issued by SIP or whether the Request seeks documents and/or communications sufficient to identify the loans; (e) to the extent that the Request seeks all documents and communications that concern or relate to loans issued by SIP, the Request is overbroad, unduly burdensome, and designed solely to harass; and (f) the Request seeks confidential, proprietary, and/or trade secret information belonging to SIP.

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

**INTERROGATORY NO. 10:**  For every loan received by SIP since December 1, 2010, identify the following:  (i) by whom the loan was made; (ii) the date of the loan; (iii) the loan amount; (iv) the term of the loan; (v) how much, if any, of the loan has been repaid; and (vi) the purpose of the loan.

**RESPONSE**   Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed to non-party, SIP, not to Jam; (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (c) the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (d) the Interrogatory seeks confidential, proprietary, and/or trade secret information belonging to SIP.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION 23:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE**   Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period; (c) the Request seeks information that is not relevant to Plaintiff's claims; (d) the Request is further vague and ambiguous as to the documents and communications sought, i.e., whether the Request seeks all documents and/or communications that concern or relate to loans received by SIP or whether the Request seeks documents and/or communications sufficient to identify the loans; (e) to the extent that the Request seeks all documents and communications that concern or relate to loans received by SIP, the Request is overbroad, unduly burdensome, and designed solely to harass; and (g) the Request seeks confidential, proprietary, and/or trade secret information belonging to SIP. 20

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 11:**  For every equity investment received by SIP since December 1, 2010, identify the following: (i) by whom the equity investment was made; (ii) the date of the equity investment; (iii) the equity investment amount; and (iv) the purpose of the equity investment.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is more appropriately directed to non-party, SIP, not to Jam; (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (c the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (d) the Interrogatory seeks confidential, proprietary, and/or trade secret information belonging to SIP.

**REQUEST FOR PRODUCTION NO. 24:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to non-party, SIP, not to Jam; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period; (c) the Request seeks information that is not relevant to Plaintiff's claims; (d) the Request is further vague and ambiguous as to the documents and communications sought, i.e., whether the Request seeks all documents and/or communications that concern or relate to equity investments received by SIP or whether the Request seeks documents and/or communications sufficient to provide the information requested in the Interrogatory No. 11; (e) to the extent that the Request seeks all documents and communications that concern or relate to equity investments received by SIP, the Request is overbroad, unduly burdensome, and designed solely to harass; and (f) the Request seeks confidential, proprietary, and/or

trade secret information belonging to SIP.

.**INTERROGATORY NO. 12:**  Identify all capital contributions you have made to SIP since December 1, 2010, including:  (i) the date; (ii) the amount requested by SIP; (iii) the amount you provided to SIP; (iv) the identity of any other individual or entity providing a contribution, including the amount; and (v) the designated purpose for the contribution;

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) insofar as the Interrogatory seeks information regarding the identity of other individuals or entities providing capital contributions to SIP, the Interrogatory seeks personal and private information which invades the privacy rights of third parties; (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; and (c) insofar as the Interrogatory seeks information regarding the identify of other individuals or entities providing capital contributions to SIP, the Interrogatory should be directed at non-party SIP, and not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: None.

**REQUEST FOR PRODUCTION NO. 25:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks personal and private information which invades the privacy rights of third parties; (b) the Request is overbroad as to time because it seeks information outside of the relevant time period; (c) the Request is more properly directed toward non-party SIP, and not to Jam; (d) the scope of the Request is vague and ambiguous; for example, it is unclear whether the Request seeks documents and communications sufficient to identify the information requested in Interrogatory No. 12, if it seeks all documents and communications regarding all capital contributions to SIP, or if it

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

seeks all documents and communications regarding any person or entity that has made a capital contribution to SIP; (e) the Request seeks confidential and proprietary business information belonging to SIP; and (f) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 13:**  Identify all transfers of funds received by you and/or K. Jam Media from SIP since December 1, 2010, including the date, amount and purpose for each such transfer.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: None.

**REQUEST FOR PRODUCTION NO. 26:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in Interrogatory No. 13 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 13; (c) to the extent the Request seeks all documents and

communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-party SIP; and (d) the Request seeks personal, confidential and private information belonging to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 14:**  Identify all transfers of funds made by you to SIP since December 1, 2010, including the date, amount and purpose for each such transfer.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 27:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 14 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 14; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-party SIP; and (d) the Request seeks personal, confidential and private information belonging to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that no documents in his

possession, custody or control responsive to this Request.

**INTERROGATORY NO. 15:**  Identify all transfers of funds received by Graybox LLC from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) (b) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or Graybox, LLC, and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 28:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 15 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 15; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Graybox, LLC; (d) the Request is more appropriately directed toward non-parties SIP and/or Graybox, LLC, and not to Jam; (e) the Request seeks

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 16:**  Identify all transfers of funds received by Eugene Scher as Trustee for the Bergstein Trust from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; and (b) the Interrogatory is more properly directed at Eugene Scher and/or non-party SIP, and not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 29:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 16 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to

Interrogatory No. 16; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-party SIP; (d) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and private information relating to Eugene Scher, as Trustee of the Bergstein Trust; (e) the Request is more appropriately directed to Eugene Scher and/or non-party SIP, and not to Jam; and (f) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and the common interest privilege, in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam responds that no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 17:**  Identify all transfers of funds received by Cascade Technologies Corp. from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or Cascade Technologies Corp. ("Cascade"), and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 30:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 17 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 17; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Cascade; (d) the Request is more appropriately directed toward non-parties SIP and/or Cascade, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks information that is not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 18:**  Identify all transfers of funds received by Integrated Administration from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

SIP and/or Integrated Administration ("Integrated"), and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

**REQUEST FOR PRODUCTION NO. 31:** All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:** Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 18 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 18; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Integrated; (d) the Request is more appropriately directed toward non-parties SIP and/or Integrated, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Accordingly, Jam withholds documents based upon the above grounds.

**INTERROGATORY NO. 19:** Identify all transfers of funds received by FBO Weston Capital Partners Master Fund from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:** Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or FBO Weston Capital Partners Master Fund ("Weston Capital Partners"), and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 32:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:** Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No.19 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 19; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Weston Capital Partners; (d) the Request is more appropriately directed toward non-parties SIP and/or Weston Capital Partners, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 20:**  Identify all transfers of funds received by Pineboard Holdings, Inc. and/or Pineboard Funding from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or Pineboard Holdings, Inc. and/or Pineboard Funding (with Pineboard Holdings, Inc., "Pineboard"), and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam believes that SIP paid to Pineboard $50,000 in or about March 2012.

**REQUEST FOR PRODUCTION NO. 33:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 20 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 20; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Pineboard; (d) the Request is more appropriately directed toward

non-parties SIP and/or Pineboard, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 21:** Identify all transfers of funds received by Broadway 4D Theaters from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:** Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or Broadway 4D Theaters ("Broadway"), and not to Jam; and (c) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Jam has no information or knowledge with regard to the subject matter of the above Interrogatory

**REQUEST FOR PRODUCTION NO. 34:** All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:** Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers

identified in response to Interrogatory No. 21 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 21; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Broadway; (d) the Request is more appropriately directed toward non-parties SIP and/or Broadway, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 22:**  Identify all transfers of funds received by Henry N. Jannol and/or the Law Offices of Henry N. Jannol from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:** Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time because it seeks information outside of the relevant time period; (b) the Interrogatory is more properly directed at non-parties SIP and/or Henry N. Jannol and/or the Law Offices of Henry N. Jannol ("collectively "Jannol"), and not to Jam; (c) the Interrogatory seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; and (d) the Interrogatory seeks information that is not relevant to Plaintiff's claim.

33

**REQUEST FOR PRODUCTION NO. 35:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 22 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 22; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-parties SIP and/or Jannol; (d) the Request is more appropriately directed toward non-parties SIP and/or Jannol, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**INTERROGATORY NO. 23:**  Identify all transfers of funds received by any other third-party not identified in the preceding Interrogatory Nos. 15 through 22 from SIP since December 1, 2010, including the date, amount and purpose of each such transfer, and the consideration (i.e., goods, services, etc.) that SIP received in exchange therefor.

**RESPONSE:**  Jam specifically objects to this Interrogatory on the following grounds: (a) the Interrogatory is overbroad as to time in that it seeks information outside of the

relevant time period; (b) the Interrogatory is overbroad as to scope because it seeks information regarding all transfers of funds from SIP; (c) the Interrogatory seeks information that is not relevant to Plaintiff's claims; and (d) the Interrogatory is unduly burdensome, oppressive, and designed solely to harass.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information or knowledge with regard to the subject matter of the above Interrogatory.

**REQUEST FOR PRODUCTION NO. 36:**  All documents and communications concerning or relating to your response to the preceding interrogatory.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is overbroad as to time in that it seeks information outside of the relevant time period; (b) the scope of the Request is vague and ambiguous in that it is not clear whether the Request seeks all documents and communications relating to the transfers identified in response to Interrogatory No. 23 or if the Request only seeks documents and communications sufficient to identify the transfers identified in response to Interrogatory No. 23; (c) to the extent the Request seeks all documents and communications relating to all transfers, including the purpose of the transfers, the Request seeks confidential and proprietary business information belonging to non-party SIP and/or the unidentified third parties; (d) the Request is more appropriately directed toward non-party SIP and/or the unidentified third parties, and not to Jam; (e) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in other related actions filed by Plaintiff and/or Plaintiff's affiliate; and (f) the Request seeks documents that are not relevant to Plaintiff's claim.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam responds that he has no documents

1  in his possession, custody or control responsive to this Request.

2  **REQUEST FOR PRODUCTION NO. 37:**  True and correct copies of the state and

3  federal tax returns filed by you or on your behalf for the preceding seven (7) annual

4  reporting periods.

5  **RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a)

6  the Request seeks disclosure of personal, private, and confidential information

7  belonging to Jam, the disclosure of which would invade Jam's privacy rights; (b) the

8  Request seeks documents that are privileged; (c) the Request seeks documents that are

9  not relevant to Plaintiff's claims; and (d) the Request is overbroad in that it seeks

10  information outside of the relevant time period.

11  Subject to, and without waiving, the foregoing objections, Jam responds as follows:

12
13  Jam will not produce said requested documents.

14  **REQUEST FOR PRODUCTION NO. 38:**  True and correct copies of the state and

15  federal tax returns filed by SIP for the preceding seven (7) annual reporting periods.

16  **RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a)

17  the Request is more properly directed to non-party SIP, and not to Jam; (b) the

18  Request is overbroad as to time because it seeks information outside of the relevant

19  time period; (c) the Request seeks information that is not relevant to Plaintiff's claim;

20  and (d) the Request seeks confidential financial information belonging to SIP, which

21  are subject to a privilege in favor of SIP.

22  Subject to, and without waiving, the foregoing objections, Jam responds as follows:

23
24  After a diligent search and reasonable inquiry, Jam responds that he has no documents

25  in his possession, custody or control responsive to this Request.

26

27  **REQUEST FOR PRODUCTION NO. 39:**  All documents and communications

28

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

between you and Swartz, Bergstein and/or Grunfeld concerning or relating to the tax returns of SIP.

**RESPONSE:** Jam specifically objects to this Request on the following grounds: (a) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest doctrine, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (b) the Request is vague and ambiguous as to time because it does not identify a relevant time period; (c) the Request seeks information that is not relevant to Plaintiff's claims; and (d) the Request seeks confidential financial information belonging to SIP.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 40:**   All documents and communications between you and every accountant who prepared SIP's tax returns for the preceding seven (7) annual reporting periods.

**RESPONSE:** Jam specifically objects to this Request on the following grounds: (a) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest doctrine, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (c) the Request is vague and ambiguous as to time because it does not identify a relevant time period; (d) the Request seeks information that is not relevant to Plaintiff's claims; and (e) the Request seeks confidential financial information belonging to SIP.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam responds that he has no documents

37

in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 41:**  All engagement contracts between SIP and every accountant or tax preparer who prepared SIP's tax returns for the preceding seven (7) annual reporting periods.

**RESPONSE:**   Jam specifically objects to this Request on the following grounds: (a) the Request seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest doctrine, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (c) the Request is vague and ambiguous as to time because it does not identify a relevant time period; and (d) the Request seeks information that is not relevant to Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR ADMISSION NO. 7:**  Admit that on or about February 8, 2013, by way of the forfeiture annexed hereto as Exhibit D (Bates-labeled WF1925), the Secretary of State for the State of Texas, forfeited SIP's certificate of formation.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is more appropriately directed to SIP, and not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

Jam admits that based on the publicly available document, a copy of which is attached as Exhibit D, the Secretary of State for the State of Texas, appears to have forfeited the "charter, certificate or registration of Advisory IP Services, Inc.

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

**REQUEST FOR PRODUCTION NO. 42:**  All documents and communications concerning or relating to your response to the preceding request for admission.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest doctrine, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (b) the Request seeks information that is not relevant to Plaintiff's claims; and (d) the Request is more appropriately directed to non-party SIP, not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR ADMISSION NO. 8:**  Admit that SIP has made no effort to set aside the forfeiture annexed hereto as Exhibit B (Bates-labeled WF1925).

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is vague and ambiguous as to the meaning of the phrase "made no effort;" and (b the Request is more appropriately directed at non-party SIP, not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows: Jam has no information as to any efforts SIP might have made or not to set aside the forfeiture as referenced in the Request.

**REQUEST FOR PRODUCTION NO. 43:**  All documents and communications concerning or relating to your response to the preceding request for admission.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request is vague and ambiguous as to the meaning of the undefined phrase "made no effort;" (b) the Request is more appropriately directed at non-party SIP, not to Jam; (c) the Request seeks information that is protected from disclosure by the

attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; and (d) the Request seeks information that is not relevant to Plaintiff's claims.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 44:**  All non-privileged documents and communications, concerning or relating to the Breach-of-Contract Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the scope of the Request is vague, ambiguous, and overbroad; (b) the Request seeks information that is not relevant to Plaintiff's claim; (c) the Request is vague, ambiguous, and overbroad as to time because it does not specify the time period for which the documents are sought; (d) the Request is more appropriately directed to non-party SIP, and not to Jam; and (e) the Request is unduly burdensome, oppressive, and designed solely to harass.

**REQUEST FOR PRODUCTION NO. 45:**  All engagement contracts between SIP and attorneys or law firms who were retained to provide legal services to SIP.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Request seeks information that is not relevant to Plaintiff's claim; (b) the Request seeks information which is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, and/or the common interest privilege, both in this action and in related actions filed by Plaintiff and/or Plaintiff's affiliate; (c) the Request is vague, ambiguous, and overbroad as to time in that it does not specify the time period for which documents are sought; and (d) the Request is more appropriately directed at non-party SIP and/or its attorneys, and not to Jam.

Subject to, and without waiving, the foregoing objections, Jam responds as follows:

After a diligent search and reasonable inquiry, Jam responds that he has no documents in his possession, custody or control responsive to this Request.

**REQUEST FOR PRODUCTION NO. 46:**  To the extent not previously produced, all non-privileged communications relating to the Fund, the NPA, SIP and/or the Lawsuit.

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the scope of the Request is vague, ambiguous, and overbroad; (b) the Request seeks information that is not relevant to Plaintiff's claims; (c) the Request is more appropriately directed at non-party SIP; (d) the Request is vague, ambiguous, and overbroad as to time because it does not specify the time period for which documents are sought; and (e) the Request is unduly burdensome, oppressive, and designed solely to harass.

**INTERROGATORY NO. 24:**  Identify any person, except for your legal counsel and his/her staff, who has supplied information or in any way assisted with the preparation of your responses to the interrogatories contained in this First Set of Combined Written Discovery to *Kiarash K. Jam*.

//

//

//

//

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

**RESPONSE:**  Jam specifically objects to this Request on the following grounds: (a) the Interrogatory seeks information that is not relevant to Plaintiff's claim. Subject to, and without waiving, the foregoing objections, Jam responds as follows: None.

Dated: May 16, 2016                              LAW OFFICES OF HENRY N. JANNOL
                                                 A PROFESSIONAL CORPORATION


                                                 By: _____
                                                     Paul H. Levine
                                                     Attorneys for Defendant Kiarash K. Jam

DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESONSES TO PLTF.'S
FIRST SET OF COMBINED WRITTEN DISCOVERY

## **PROOF OF SERVICE**

        I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 10850 Wilshire Boulevard, Suite 825, Los Angeles, California 90024-4644. On May 16, 2016, I served the foregoing document(s) described as follows::
DEFENDANT KIARASH JAM'S SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S FIRST SET OF COMBINED WRITTEN DISCOVERY

    ☐    **by transmitting via electronic transmission the document(s) listed above to the email(s) maintained by the recipient(s) with the State Bar of California, or provided by such recipients, on this date before 5:00 p.m., with no indication of any error in transmission.**

    ☒    **by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.**

    ☐    **by causing said above-referenced document(s) to be personally delivered to the addressee set forth below.**

    ☐    **by overnight courier for delivery the next business morning of the document(s) listed above to the person(s) at the address(es) set forth below.**

    ☐    **by electronically filing the foregoing with the Clerk of the District Court using its ECF System pursuant to the Electronic Case Filing provision of the United States District Court General Order and the E-Government Act of 2002, which electronically notifies said parties in this case:   See attached sheet.**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I am a member of the bar of this Court.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May 16, 2016, at Los Angeles, California.

_____
Paul H. Levine

PROOF OF SERVICE

1

<u>SERVICE LIST</u>
<u>*THE Wimpledon Funds, SPC (Class TT), vs Graybox, LLC; et al.,*</u>
<u>*USDC CASE NO.  2:15-CV-6633-CAS-AJWx*</u>

2

3

4   Attorneys for Plaintiff:
    Jeffrey N. Pomerantz, Esq.
5   Gillian N. Brown, Esq.
    Pachulski Stang Ziehl & Jones LLP
6   10100 Santa Monica Blvd., 13th Floor
    Los Angeles, California 90067
7   Tel:    310/277-6910
    Fax:    310/201-0760
8   email:  jpomerantz@pszjlaw.com
            gbrown@pszjlaw.com
9           AND
    James W. Walker
10  Justin S. Levy
    Cole Schotz P.C.
11  2515 McKinney Avenue, Suite 1350
    Dallas, Texas 75201
12  Tel:    469-557-9390
    Fax:    469-533-0361
13  email:  jwalker@coleschotz.com
            Jlevy@coleschotz.com
14

15  Attorneys for Graybox,LLC; Eugene Scher as Trustee of Bergstein Trust:
    Patricia L. Glazer, Esq.
16  G. Jill Basinger, Esq.
    Richard W. Buckner, Esq.
17  Camilla Y. Chan, Esq.
    Glaser Weil Fink Howard Avchen & Shapiro LLP
18  10250 Constellation Blvd., 19th Floor
    Los Angeles, California 90067
19  Tel:    310/553-3000
    Fax:    310/556-2920
20  email:  pglaser@glaserweil.com
            jbasinger@glaserweil.com
21          rbuckner@glaserweil.com
            cchan@glaserweil.com
22

23  Attorneys for Cascade Technologies corp.:
    Patrick C. McGarrigle, Esq.
24  Magarrigle Kenney & Zampiello, APC
    9600 Topanga Canyon Blvd., Suite 200
25  Chatsworth, California 91311
    Tel:    818/998-3300
26  Fax:    818/998-3344
    email:  patrickm@mcgarriglelaw.com
27

28

1

1  Attorneys for Defendant Henry N. Jannol, A Professional Corporation
   Law Offices of Tracey P. Hom
2  Tracey P. Hom, Esq.
   10850 Wilshire Blvd., Suite 825
3  Los Angeles, California 90024
   Tel:     310/551-1133
4  Fax:     310/552-7552
   email:  traceyhom@yahoo.com
5
   Attorneys for defendant, Jerome Swartz:
6  Cynthis R. Levin-Moulton, Esq.
   Lance C. Arney, Esq.
7  Moulton, Wilson & Arney
   800 Taft Street
8  Houston, Texas 77019
   Tel:     713/353-6699
9  Fax:     713/353-6698
   email:  cmoulton@moultonwilsonarney.com
10 email:  larney@moultonwilsonarney.com

11 Attorneys for Defendant Jerome Swartz
   George L. Hampton IV, Esq.
12 Hampton Holley LLP
   2101 East Coast Highway, Suite 100
13 corona del Mar, CA 92625
   Tel:     949/718-4550
14 Fax:     949/8-4580
   email:  ghampton@hamptonholley.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28