# EXHIBIT HH

# Kia Jam

| | |
|---|---|
| **From:** | Kia Jam |
| **Sent:** | Tuesday, December 20, 2011 2:53 PM |
| **To:** | David Bergstein (davidbergstein@abcxyz.cc); Wellner, Keith |
| **Cc:** | Kia Jam |
| **Subject:** | note and borrowing certs |
| **Attachments:** | note_001.pdf; borrowing cert 1_001.pdf; borrowing cert 2_001.pdf |

as requested

Kia Jam
President / Producer
K.JAM MEDIA
2425 Colorado Blvd.
Suite B-205
Santa Monica, CA. 90404
310-828-6767 Main
310-828-4141 Fax



PLAINTIFF'S EXHIBIT 14 JAM 3/22/18

THIS SECURED NOTE HAS NOT BEEN REGISTERED UNDER THE FEDERAL SECURITIES ACT OF 1933, AS AMENDED, OR UNDER ANY STATE SECURITIES LAWS AND MAY NOT BE SOLD, ASSIGNED OR OTHERWISE TRANSFERRED EXCEPT PURSUANT TO AN EFFECTIVE REGISTRATION STATEMENT UNDER EACH OF SUCH SECURITIES ACTS AND LAWS OR AN EXEMPTION THEREFROM WITH AN OPINION OF COUNSEL SATISFACTORY TO THE BORROWER THAT REGISTRATION IS NOT REQUIRED.

## SECURED NOTE

Dated: As of August 3, 2011                                       U.S. $9,000,000.00

This Secured Note supersedes any prior agreements between the parties, whether written or oral. For value received Arius Libra Inc. ("Borrower"), a Delaware Corporation having its registered office at 118 Silverside Road, Wilmington, DE, 19810, promises to pay to the order of Weston Capital Partners Master Fund II Ltd. (together with any subsequent holder of this Note, "Holder"), a Cayman Islands exempt company located at c/o Appleby Trust (Cayman) Ltd., Clifton House, PO Box 1350, 75 Fort Street, Grand Cayman, Cayman Islands, or at any other address Holder hereafter designates to Borrower, in lawful money of the United States, the principal sum of NINE MILLION THOUSAND DOLLARS ($9,000,000.00) (the "Principal Sum") in lawful money of the United States and interest on the unpaid portion of the Principal Sum in the manner following.

Borrower shall pay to Holder interest, calculated daily on the outstanding Principal Sum on the basis of a 365 day year, from and including the date of this Note to but not including the date such outstanding Principal Sum is paid in full at a rate per annum that on each day, (a) before maturity of the Principal Sum, whether by acceleration or otherwise, will be 5% and (b) on or after maturity of the Principal Sum, whether by acceleration or otherwise, will be 10%; provided, however, that (x) in no event will such interest be payable at a rate in excess of the maximum rate permitted by applicable law and (y) solely to the extent necessary to result in such interest not being payable at a rate in excess of such maximum rate, any amount that would be treated as part of such interest under a final judicial interpretation of applicable law will be deemed to have been a mistake and automatically canceled, and, if received by Holder, will be refunded to Borrower, it being the intention of Holder and of Borrower that such interest not be payable at a rate in excess of such maximum rate. No interest will be paid on any unpaid interest.

Borrower will pay interest on the date the Principal Sum is paid in full. Borrower will repay the Principal Sum in full by no later than December 30, 2011 (the "Maturity Date").

Any portion of the Principal Sum may be prepaid in whole or in part at any time at the option of Borrower without premium or penalty provided that each prepayment of the Note must be in an amount not less than U.S. $50,000.

Borrower's obligation to repay this Note is secured by the Pledge Agreement, of even date herewith between the Borrower and the Holder (the "Pledge Agreement").

Upon and at any time and from time to time after the occurrence or existence of any Event of Default other than an Event of Default described in clause (3) of this paragraph, all amounts owing pursuant to this Note will, at the sole option of the Holder and without any notice, demand, presentment or protest of any kind (each of which is waived by Borrower), become immediately due. Upon the occurrence or existence of any event or condition described in such clause (3), such amounts will, without any notice, demand, presentment or protest of any kind (each of which is waived by Borrower), automatically become immediately due. An "Event of Default" occurs or exists if:

(1) Borrower fails to (a) pay the outstanding Principal Sum and accrued interest on or before the Maturity Date, or, if sooner, upon acceleration of the Principal Sum following the occurrence of an Event of Default, or (b) perform any obligation of Borrower pursuant to this Note or the Pledge Agreement, and such failure continues for 30 days from the date that Borrower receives written notice of such failure from or on behalf of the Holder; or

(2) Borrower sells, assigns or otherwise transfers or disposes of all or substantially all of Borrower's assets, makes or permits any fraudulent transfer or fraudulent conveyance of any of Borrower's assets, makes any bulk sale, sends any notice of any intended bulk sale, fails to pay, withhold or collect any tax as required by any statute, regulation or other law (unless such tax is being contested by Borrower in good faith by proceedings diligently pursued and Borrower has established adequate reserves with respect to any such tax), suspends or ceases Borrower's present business, has served or filed against Borrower or against any of Borrower's assets any attachment, levy, tax lien, warrant or similar lien, or has entered against Borrower or against any of Borrower's assets any judgment, order or award of any court, agency or other governmental authority or of any arbitrator and such judgment, order or award is in any one case or in the aggregate in an amount exceeding U.S. $1,000,000 and is not discharged within thirty (30) days of the entry thereof; or

(3) Borrower has any receiver, trustee, liquidator, sequestrator or custodian of Borrower or any of Borrower's assets appointed (whether with or without Borrower's consent), makes any assignment for the benefit of creditors or commences or has commenced against Borrower any case or other proceeding pursuant to any bankruptcy or insolvency statute, regulation or other law of the United States of America or of any state or territory thereof or of any foreign jurisdiction or any other statute, regulation or other law relating to the relief of debtors, to the readjustment, composition or extension of indebtedness, to liquidation or to reorganization or any formal or informal proceeding for the dissolution, liquidation or winding up of the affairs of, or the settlement of claims against, Borrower, and which in the case of any involuntary appointment, case or proceeding is not dismissed within 60 days; provided, however, no such event set forth in this paragraph (3) shall constitute an Event of Default if the Borrower is disposing of its assets and is discharging its liabilities in an orderly manner in accordance with the requirements of its organizational documents; or

JAM_TT_000968

(4) any representation or warranty made in this Note, or any representation or warranty heretofore or hereafter made in writing, or any financial statement heretofore or hereafter provided, to Holder by or on behalf of Borrower proves, as of the date of such representation, warranty or financial statement, to have been incorrect or misleading in any material respect or, if a financial statement, to have omitted any substantial contingent or unliquidated liability of, or any substantial claim against, Borrower or there occurred, and was not disclosed to Holder, before the execution and delivery to Holder of this Note by Borrower any material adverse change in any information disclosed in any such representation or warranty heretofore made, or in any such financial statement heretofore provided, to Holder.

This Note will be governed by and construed, interpreted and enforced in accordance with the internal laws of Bermuda, without regard to principles of conflict of laws.

This Note will not be extended or modified orally.

BORROWER CONSENTS IN EACH ACTION OR OTHER LEGAL PROCEEDING COMMENCED BY HOLDER ARISING OUT OF OR RELATED TO THIS NOTE TO THE NONEXCLUSIVE JURISDICTION OF ANY STATE OR FEDERAL COURT LOCATED IN THE STATE OF NEW YORK; WAIVES PERSONAL SERVICE OF PROCESS; AND AGREES THAT SERVICE OF PROCESS MAY BE EFFECTED BY HOLDER BY REGISTERED MAIL TO BORROWER AT THE ADDRESS SET FORTH AT THE BEGINNING OF THIS NOTE (OR SUCH OTHER ADDRESS AS TO WHICH BORROWER HAS GIVEN HOLDER OR IN ANY MANNER ALLOWED BY THE STATE OF NEW YORK OR THE FEDERAL LAWS OF THE UNITED STATES. BORROWER WAIVES ANY OBJECTION TO THE LAYING OF VENUE OF ANY SUCH ACTION OR OTHER LEGAL PROCEEDING.

BORROWER WAIVES EACH RIGHT BORROWER MAY HAVE TO A TRIAL BY JURY WITH RESPECT TO ANY ACTION OR OTHER LEGAL PROCEEDING, WHETHER BASED ON ANY CONTRACT OR NEGLIGENT, INTENTIONAL OR OTHER TORT OR OTHERWISE, ARISING OUT OF OR OTHERWISE RELATING TO THIS NOTE.

ARIUS LIBRA INC.

By: [signature]
Name: [handwritten]
Title: Secretary

JAM_TT_000969

## BORROWING CERTIFICATE

The undersigned HEREBY CERTIFIES with respect to the borrowing to be made on November 18, 2011 ("Borrowing Date") pursuant to that certain Secured Note of August 3, 2011 ("Note") by and among Arius Libra Inc. ("Arius" or "Borrower") and Weston Capital Partners Master Fund II Ltd. ("Weston or Holder") that:

The Borrower requests that Holder advances the sums as outlined herein pursuant to the terms and conditions stated in the Note and the related documents:

(a) An amount equal to $350,000 ("Eleventh Draw") to be disbursed as directed below;

(b) The proceeds of this Twelfth Draw will be used for the permitted purposes set forth in the Note and related documents;

(c) The proceeds of the Twelfth Draw are to be wired as follows:

**Amount: $200,000**

Bank: Wells Fargo
ABA: 121000248
Account Name: Gerova management inc
Act number: Redacted

**Amount: $150,000**

CITIBANK, N.A., NY
111 WALL STREET
NEW YORK, NY 10043
ABA NO.: 021000089
SWIFT: CITIUS33
BANK CONTACT: DYLAN MATHIS (213) 239-2001

ACCOUNT NAME: O'MELVENY & MYERS, LLP
ACCOUNT NO.: Redacted
MESSAGE: Gerova

1

(d) The representations and warranties set forth in the Note and related documents are true and correct in all material respects on the Borrowing Date; and

(f) No Default or Event of Default has occurred and is continuing, nor shall any such event occur by reason of the making of the proposed Loan.

IN WITNESS WHEREOF, the undersigned have caused this certificate to be executed this 31 day of October, 2011.

Arius Libra Inc.

By: _____
Name:
Title: Secretary

2

JAM_TT_000971

## BORROWING CERTIFICATE

The undersigned HEREBY CERTIFIES with respect to the borrowing to be made on November 8, 2011 ("Borrowing Date") pursuant to that certain Secured Note of August 3, 2011 ("Note") by and among Arius Libra Inc. ("Arius" or "Borrower") and Weston Capital Partners Master Fund II Ltd. ("Weston or Holder") that:

The Borrower requests that Holder advances the sums as outlined herein pursuant to the terms and conditions stated in the Note and the related documents:

(a) An amount equal to $350,000 ("Eleventh Draw") to be disbursed as directed below;

(b) The proceeds of this Eleventh Draw will be used for the permitted purposes set forth in the Note and related documents;

(c) The proceeds of the Eleventh Draw are to be wired as follows:

**Amount: $350,000**

First Republic Bank
111 Pine Street
San Francisco, CA 94111

Routing Number: 321081669
Account Name: Henry N. Jannol, Client Trust Account
     10850 Wilshire Blvd.
     Suite 825
     Los Angeles, CA 90024
     Tel: 1-310-552-7500

Account #: [Redacted]

JAM_TT_000972

  (d) The representations and warranties set forth in the Note and related documents are true and correct in all material respects on the Borrowing Date; and

  (f) No Default or Event of Default has occurred and is continuing, nor shall any such event occur by reason of the making of the proposed Loan.

  IN WITNESS WHEREOF, the undersigned have caused this certificate to be executed this 31 day of October, 2011.

      Arius Libra Inc.

      By: _____
      Name: KIA JAM
      Title: Secretary

2

JAM_TT_000973