# EXHIBIT Z

Jeffrey N. Pomerantz, Esq. (CA Bar No. 143717)
Jeffrey L. Kandel (CA Bar No. 115832)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone: 310-277-6910 / Facsimile: 310-201-0760
E-mail: jpomerantz@pszjlaw.com; jkandel@pszjlaw.com

James W. Walker (admitted *pro hac vice*)
Cameron A. Welch (admitted *pro hac vice*)
Eric S. Latzer (admitted *pro hac vice*)
COLE SCHOTZ P.C.
901 Main Street, Suite 4120
Dallas, TX 75202
Telephone: 469-557-9390 / Facsimile: 469-533-0361
E-mail: jwalker@coleschotz.com; cwelch@coleschotz.com; elatzer@coleschotz.com

Attorneys for Plaintiff,
The Wimbledon Fund, SPC (Class TT)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| THE WIMBLEDON FUND, SPC (CLASS TT),<br><br>Plaintiff,<br><br>vs.<br><br>GRAYBOX, LLC; INTEGRATED ADMINISTRATION; EUGENE SCHER, AS TRUSTEE OF BERGSTEIN TRUST; CASCADE TECHNOLOGIES CORP., and THE LAW OFFICES OF HENRY N. JANNOL,<br><br>Defendants.<br><br>AND CONSOLIDATED ACTION AND RELATED THIRD PARTY ACTIONS. | C.D. Cal. Consolidated Case No. 2:15-cv-6633-CAS-AJWx<br><br>**RESPONSE TO DEFENDANT KIARASH JAM'S REQUESTS FOR ADMISSION TO PLAINTIFF THE WIMBLEDON FUND, SPC (CLASS TT) – SET ONE** |

PROPOUNDING PARTY:   Defendant Kiarash Jam

RESPONDING PARTY:    Plaintiff The Wimbledon Fund, SPC, (Class TT)

SET NO.:              One

PLEASE TAKE NOTICE that the undersigned, Cole Schotz P.C., attorneys for The Wimbledon Fund, SPC (Class TT) (the "Fund"), hereby responds to Defendant Kiarash Jam's ("Jam") Request for Admissions as follows.

## GENERAL OBJECTION

1. The Fund objects to the definition of the terms "You" and "Your" set forth in the Request for Admissions. The terms are defined to include, among others, "Weston Asset Capital Management, LLC,[1] and its agents, representatives, attorneys, experts, and other persons acting or purporting to act on Weston Asset Capital Management, LLC's behalf." Weston is not the Fund's agent, nor was it acting in its capacity as the Fund's agent during the times relevant to this litigation. Indeed, Weston participated in and furthered Defendants' fraudulent scheme, all while acting without the Fund's knowledge or authority. Two of Weston's representatives, Keith Wellner and Albert Hallac, pleaded guilty to federal crimes in connection with their roles in Defendants' fraudulent scheme. Accordingly, the Fund is not in possession, custody, or control of documents that may be in Weston's possession, custody, or control. Further, the Fund does not have knowledge of relevant facts of which Weston may have knowledge, and to the extent Weston does have knowledge of facts, such knowledge may not be imputed to the Fund.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR ADM NO. 1.

Admit that YOU had no oral COMMUNICATIONS with JAM.

**Answer to No. 1: Subject to the General Objection, but without waiving same, the Fund admits it has not had any direct oral communications with Jam.**

### REQUEST FOR ADM NO. 2.

---

[1] Presumably Jam intended to refer to Weston Capital Management LLC and/or Weston Capital Asset Management, LLC ("Weston").

Admit that JAM never made any oral misrepresentations to YOU.

**Answer to No. 2: Subject to the General Objection, but without waiving same, the Fund admits Jam did not make any direct oral misrepresentations to the Fund.**

**REQUEST FOR ADM NO. 3.**

Admit that BERGSTEIN was the sole negotiator on SIP's behalf in connection with the NPA.

**Answer to No. 3: Subject to the General Objection, but without waiving same, the Fund neither admits nor denies whether Bergstein was the sole negotiator on behalf of SIP in connection with the NPA. Weston negotiated the NPA on behalf of the Fund. Despite making a reasonable inquiry, the Fund is without knowledge or information as to whether Bergstein was the sole negotiator on behalf of SIP in connection with the NPA. The information the Fund knows or can readily obtain is insufficient to enable the Fund to admit or deny this request.**

**REQUEST FOR ADM NO. 4.**

Admit that YOU were aware that some of the funds provided pursuant to the NPA were intended to be utilized to support a medical billing business.

**Answer to No. 4: The Fund objects to this demand because it: (i) presumes that monies provided pursuant to the NPA were in fact "intended to be utilized to support a medical billing business"; and (ii) does not contain any time reference or limitation as to the Fund's alleged awareness. Subject to those objections and the General Objection, but without waiving same, the Fund admits it became aware that SIP ostensibly intended to invest certain monies in Pineboard Holdings, Inc., which purported to be a medical billing business. In**

2

**truth, the Fund now knows that Pineboard Holdings, Inc.—like SIP—was a sham entity through which Defendants effectuated their fraud.**

**REQUEST FOR ADM NO. 5.**

Admit that BERGSTEIN did not want to include JAM and IA in the FIRST GROUP DEFENDANTS.

**Answer to No. 5: The Fund objects to this request because it concerns Bergstein's state of mind. The Fund further objects to this request because it seeks information that is not relevant to any party's claim or defense. Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to assert claims concerning the Settlement Agreement. (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case. Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)). As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim." (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)). In light of the foregoing, the Fund is not responding to this request.**

**REQUEST FOR ADM NO. 6.**

Admit that YOU were willing to include JAM and IA in the FIRST GROUP DEFENDANTS without receiving any additional consideration from them during the negotiation of the SETTLEMENT AGREEMENT.

**Answer to No. 6: The Fund objects to this request because it seeks information that is not relevant to any party's claim or defense. Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to**

3

**assert claims concerning the Settlement Agreement.  (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case.  Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)).  As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim."  (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)). In light of the foregoing, the Fund is not responding to this request.**

**REQUEST FOR ADM NO. 7.**

Admit that BERGSTEIN and BMK were the sole negotiators on SIP's behalf in connection with the SETTLEMENT AGREEMENT.

**Answer to No. 7: The Fund objects to this request because it seeks information that is not relevant to any party's claim or defense.  Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to assert claims concerning the Settlement Agreement.  (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case.  Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)).  As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim."  (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)). In light of the foregoing, the Fund is not responding to this request.**

**REQUEST FOR ADM NO. 8.**

Admit that JAM was not involved in any way in the negotiation of the SETTLEMENT AGREEMENT.

4

**Answer to No. 8:** The Fund objects to this request because it seeks information that is not relevant to any party's claim or defense. Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to assert claims concerning the Settlement Agreement. (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case. Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)). As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim." (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)). In light of the foregoing objection, the Fund is not responding to this request.

**REQUEST FOR ADM NO. 9.**

Admit that YOU knew that, at the time of negotiating and execution of the NPA, BERGSTEIN controlled SIP.

**Answer to No. 9:** Subject to the General Objection, but without waiving same, the Fund denies this request to the extent it suggests that Bergstein alone controlled SIP. The Fund understood, based on Jam's role as SIP's vice president and his execution on behalf of SIP of the NPA and various other documents related to the NPA transaction, that Jam and Bergstein (and perhaps others) controlled SIP.

**REQUEST FOR ADM NO. 10.**

Admit that YOU knew that, at the time of negotiating and execution of the NPA, JAM did not control SIP.

**Answer to No. 10:** Subject to the General Objection, but without waiving same, the Fund denies this request. The Fund understood, based on Jam's role

5

**as SIP's vice president and his execution on behalf of SIP of the NPA and various other documents related to the NPA transaction, that Jam and Bergstein (and perhaps others) controlled SIP.**

### REQUEST FOR ADM NO. 11.

Admit that BERGSTEIN advised you, during the negotiation of the NPA, that the reason he asked Jam to have any role in SIP was due to the negative publicity surrounding BERGSTEIN at the time.

**Answer to No. 11: Subject to the General Objection, but without waiving same, the Fund denies that Bergstein made such a representation to the Fund.**

### REQUEST FOR ADM NO. 12.

Admit that BERGSTEIN advised you, during the negotiation of the NPA, that JAM was not a decision-maker at SIP.

**Answer to No. 12: Subject to the General Objection, but without waiving same, the Fund denies that Bergstein made such a representation to the Fund.**

### REQUEST FOR ADM NO. 13.

Admit that JAM obtained no personal benefit from the proceeds of the NPA.

**Answer to No. 13: Subject to the General Objection, but without waiving same, the Fund denies this request. Documents produced in discovery, as well as the evidence presented at Bergstein's criminal trial, reveal that Jam personally benefited, both directly and through Integrated, from the proceeds of the NPA.**

### REQUEST FOR ADM NO. 14.

Admit that YOU knew, during the negotiation of the NPA, that Bergstein controlled Pineboard Holdings, Inc.

**Answer to No. 14:**  The Fund objects to this request because it presumes that Bergstein in fact controlled Pineboard Holdings, Inc.  Subject to that objection and the General Objection, but without waiving same, the Fund denies that it knew, during the negotiation of the NPA, that Bergstein controlled Pineboard Holdings, Inc.

**REQUEST FOR ADM NO. 15.**

Admit that YOU knew that, at the time of negotiating and execution of the SETTLEMENT AGREEMENT, BERGSTEIN controlled SIP.

**Answer to No. 15:**  The Fund objects to this request because it seeks information that is not relevant to any party's claim or defense.  Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to assert claims concerning the Settlement Agreement.  (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case.  Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)).  As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim."  (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)).  In light of the foregoing objection, the Fund is not responding to this request.

**REQUEST FOR ADM NO. 16.**

Admit that YOU did not monitor the use of the proceeds YOU paid into SIP.

**Answer to No. 16:**  The Fund objects to this request because it: (i) presumes it was given the opportunity and/or was obligated to monitor SIP's use of proceeds; and (ii) does not contain any temporal limitation as to when such "monitoring" occurred.  Subject to that objection and the General Objection, but

7

**without waiving same, the Fund admits it did not monitor SIP's use of proceeds because it had no ability to do so.**

**REQUEST FOR ADM NO. 17.**

Admit that the settlement proceeds YOU received pursuant to the SETTLEMENT AGREEMENT were derived from assets controlled by BERGSTEIN.

**Answer to No. 17: The Fund objects to this request because it seeks information that is not relevant to any party's claim or defense. Indeed, the Court entered a decision and order on February 28, 2019 which denied Jam and Integrated Administration's motion seeking leave to amend their pleadings to assert claims concerning the Settlement Agreement. (Doc. No. 397 at 25 ("In sum, the Court finds that the undue delay, prejudice to opposing party, and futility of amendment all strongly militate against permitting leave to amend this case. Jam and IA have further failed to demonstrate that 'justice so requires' leave." (citing Fed. R. Civ. P. 15(a)). As the Court also noted in its decision, "Settlement negotiations are not even admissible as evidence to prove or disprove the validity of a disputed claim." (Doc. No. 397 at 25 (citing Fed. R. Evid. 408)). In light of the foregoing objection, the Fund is not responding to this request.**

**REQUEST FOR ADM NO. 18.**

Admit that JAM is not the alter-ego of IA.

**Answer to No. 18: The Fund objects to this request because it: (i) seeks information that is not relevant to any party's claim or defense; and (ii) calls for a legal conclusion. In light of these objections, the Fund is not responding to this request.**

DATED: March 24, 2019

        COLE SCHOTZ P.C.

        - and –

        PACHULSKI STANG ZIEHL & JONES, LLP


        By:   /s/ James W. Walker
            Jeffrey N. Pomerantz
            Jeffrey L. Kandel
            James W. Walker
            Cameron A. Welch
            Eric S. Latzer

        Attorneys for Plaintiff,
        The Wimbledon Fund, SPC (Class TT)